16   85
114  286

### EAGAN *et al.* v. DELANEY *et al.*

WHERE, in suit for a mining claim, plaintiff in his complaint states the particular facts constituting his title, and on that title seeks a recovery, and the answer denies such title, plaintiff must prove his title as averred, at least in substance, and he cannot, against defendant's objection, recover on another and different title.

And where, in such case, plaintiffs were permitted to prove and recover on a title other than the one so set up, it was error in the Court below to refuse a new trial, the motion for which was based on affidavit of defendant that he was taken by surprise arising out of the frame of the pleadings, and that he could have rebutted plaintiffs' case but for this surprise.

APPEAL from the Eleventh District.

Plaintiffs claim to be the owners of a certain piece of mining ground described in their complaint, and allege that the same was taken up in 1856 by certain parties in the complaint named.

The complaint then states particularly the several transfers which had been made of the claims from the first locators, and shows that plaintiffs have obtained the title of the first locators of the claim.

The complaint then alleges that defendants have entered upon a portion of the ground therein described.

The answer denies that plaintiffs, or those through whom they claim title, were ever the owners of the ground upon which the defendants are at work.

No other title is set up or relied upon in the complaint except that derived from the earlier owners by purchase.

The dispute between the parties was, whether a certain line marked " center line " was the center line or the west line of plaintiffs' claims.

It was conceded by defendants that plaintiffs' claims had been located as early as 1856, and that plaintiffs had regularly derived title to the same. But the defendants contended that the line marked " center line " was the west line of plaintiffs' claims, and that the defendants' ground was not included.

It was shown at the trial by the testimony of J. W. Dodge and John S. Fox, two of plaintiffs' immediate vendors, as well as others, that said " center line " was the west line of plaintiffs' claim, as marked out in 1857 in their presence, and that none of the ground claimed by defendants was included. It was also found by the Court as a fact, that none of the ground claimed by defendants was ever included in the claim of plaintiffs while the same was the property of plaintiffs' vendors, and as marked out in 1857; nor had plaintiffs worked any ground west of the center line when defendants began working it.

At the trial, the Court permitted evidence to show that when Fox and Dodge, who took up the claims with plaintiff, Eagan, in 1856, sold out their interest to Stewart, one of the plaintiffs, in July, 1858, they represented to Stewart that their claims extended two hundred feet west of said " center line," and that afterwards plaintiffs claimed the same as their ground, and that such claim was so made before defendants went upon the same; and the Court found that at this purchase, in 1858, there was no adverse claim to the ground two hundred feet west of the

Eagan *v.* Delaney.

" center line," and that defendants began working this two hundred feet in the fall of 1858.

Upon these facts the Court found, as a conclusion of law, that plaintiffs were entitled to recover, not upon the title set up in the complaint, but upon the purchase in July, 1858, from men who at the time did not own the ground as was conceded—the Court holding that plaintiffs were not limited to the boundaries claimed by their vendors, there being at the time no adverse possession or claim.

When plaintiffs closed their case, defendants moved to strike out all evidence of plaintiffs' title which did not go to support the title set up in the complaint.

The Court overruled the motion, and defendants excepted.

Plaintiffs had judgment; defendants appeal.

*John Hume,* for Appellants.

*Sanderson and Newell,* for Respondents.

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This was a suit for the recovery of a mining claim.

The plaintiffs stated in the complaint their title, its origin and deraignment; and upon the title, thus set out, claimed a recovery. The answer denied the title thus set up. Upon the trial the plaintiffs proved, as they claim, a title accruing to them in a particular way, subsequent in origin and different in the mode of acquisition from that counted on in the complaint. Perhaps it was not necessary for the plaintiffs to set out the particular facts constituting their title in this action; but having done this, it would seem they should be held to prove it as averred, at least in substance; and that they cannot, against the defendants' objection, recover on another and a different title.

The defendants made an affidavit, on motion for a new trial, on the ground of surprise, arising from the frame of the pleadings, and averring that they could have introduced testimony rebutting the plaintiffs' case but for this surprise.

We think, under the circumstances, a new trial should have been granted.

Judgment reversed.