[Sac. No. 44.  In Bank.—September 17, 1896.]

# DELIA EBERHARDT, RESPONDENT, v. M. J. COYNE, APPELLANT.

ADVERSE POSSESSION—PRESCRIPTIVE RIGHT—PAYMENT OF TAXES ESSENTIAL.—Under section 325 of the Code of Civil Procedure, as amended May 31, 1878, the payment of the taxes by the adverse holder is a necessary element in the establishment of title by means of adverse possession; and a payment of taxes on a designated parcel of land is not effectual to complete a prescriptive right to land not included within that designation.

APPEAL from a judgment of the Superior Court of

Sacramento County and from an order denying a new trial.    A. P. CATLIN, Judge.

The facts are stated in the opinion.

*Frank D. Ryan,* and *James B. Devine,* for Appellant.

Since April, 1878, title by adverse possession cannot be established, unless the adverse claimant has paid all state, county, and municipal taxes levied and assessed upon the land.    (Code Civ. Proc., sec. 325; *McDonald* v. *Drew,* 97 Cal. 268; *Webb* v. *Clark,* 65 Cal. 56; *Reynolds* v. *Willard,* 80 Cal. 605.)    The findings are fatally defective, because the court failed to find upon the fact as to the assessment, levy, and payment of the taxes on the strip in controversy, during the period plaintiff claimed to hold the same adversely.    (*Ross* v. *Evans,* 65 Cal. 439; *Reynolds* v. *Willard,* 80 Cal. 605; *Garwood* v. *Hastings,* 38 Cal. 223; *Figg* v. *Mayo,* 39 Cal. 267.)

*Armstrong & Bruner,* for Respondent.

It was admitted that the plaintiff owned the west thirty-two feet of lot 2, and the evidence showed that the fence built by the defendant was on that lot.    The court, therefore, correctly found that the plaintiff was the owner of the land described in the complaint.    (*McDonald* v. *Drew,* 97 Cal. 266.)

BRITT, C.—Ejectment for a piece of land about eighty feet long and four feet wide in a certain block in the city of Sacramento.    It is admitted that plaintiff has the paper title to the "west thirty-two feet" of lot 2 in said block, and that she has paid the taxes thereon since the year 1871; also that defendant has like title to the south half of lot 1 in the same block, and that he and his predecessors in interest have paid the taxes thereon since that year.    The west line of plaintiff's land and the east line of defendant's are coincident for the length of the parcel in dispute, which lies along such common boundary.    In her complaint, filed December 23, 1892, plaintiff alleged herself to be the owner of the demanded premises,

describing the same by reference to monuments, courses, and distances; that she and those under whom she claims have been in the adverse possession thereof, claiming title, for more than twenty years, and until she was ousted by defendant in December, 1892; that by reason of such possession "the plaintiff became and is the owner of said premises by prescription." These allegations, excepting that of ouster, were denied by defendant. At the trial defendant produced evidence tending to show that the land sued for is within the boundaries of the south half of said lot one. The court found that plaintiff was, at the time of the commencement of the action, "and for many years prior thereto," the owner of the premises described as "commencing at the north end of a fence constructed by the defendant on lot 2," etc., the line of such fence being the east boundary of the parcel described, and no further reference being made to the lines of either lot 1 or lot 2; also that plaintiff was in the adverse possession of such premises for ten years next before the entry of defendant in December, 1892.

The complaint proceeds and the trial was had, apparently, on the theory that plaintiff's right to the land depends upon adverse possession thereof for the prescriptive period of five years. Since the amendment to section 325 of the Code of Civil Procedure, which took effect May 31, 1878, the payment of the taxes by the adverse holder, if any are assessed against the land, is a necessary element in the establishment of title by means of adverse possession. The finding here has no relation to the time before May 31, 1878, when payment of taxes was not required in order to make out such possession, for it is limited to the space of ten years next before defendant's entry; and as to such period of ten years it is not sustained by the evidence, for the admission at the trial was that the taxes paid by plaintiff have been those assessed upon the " west thirty-two feet of said lot 2"; this was not effectual to complete the prescriptive right to land not included within that designation. (*McDonald* v. *Drew*, 97 Cal. 266; *Baldwin* v. *Temple*, 101 Cal.

396.)  Respondent contends here that the land in suit is really parcel of the said west portion of lot 2, to which she admittedly has paper title.  Allowing that she may thus assert an origin of her title different from that set forth in the complaint (as to which question see *Eagan* v. *Delaney*, 16 Cal. 85), then, if the assertion is sustained by the record, of course the matter of adverse possession is of no moment in the case; but it was not so alleged in the complaint, or proved at the trial, or found by the court; the respondent's argument in this particular rests on the reference in the finding to the "fence constructed by the defendant on lot 2," but plainly the land described, lying west of the fence, may be wholly within lot 1.  The judgment and order denying defendant's motion for a new trial should be reversed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reason given in the foregoing opinion the judgment and order denying defendant's motion for new trial are reversed.

GAROUTTE, J.,    VAN FLEET, J.,    HARRISON, J.,
TEMPLE, J.,      BEATTY, C. J.

McFARLAND, J., dissenting.—I dissent.  The action is ejectment to recover a small strip of land about four feet wide lying along the line between lots 1 and 2 in a certain block in the city of Sacramento.  The court found that at the commencement of the action plaintiff was entitled to the possession of the disputed premises, and had been in the actual, exclusive and adverse possession thereof for ten years (and it might justly have been twenty years) next before December, 1892, at which last-mentioned time defendant took possession thereof, and rendered judgment in favor of plaintiff for the possession of said premises.

I see no reason for disturbing the judgment.  The record shows that the regular paper title to the west thirty-two feet of lot 2 was conveyed to plaintiff in 1872; and the evidence is amply sufficient to show that within

a year or two thereafter she inclosed by a fence the land
thus conveyed to her; that the fence included the strip
now here in contest; that since 1872 she continuously
had a barn on her land which extended entirely over
said strip; and that for a period much longer than ten
years next preceding December, 1892, she was thus in
the actual, exclusive, and adverse possession of said strip
of land, openly and notoriously claiming it as her own.
Defendant owns a part of lot 1 lying to the west of plain-
tiff's land.  In 1892 a storm blew down a part of plain-
tiff's fence between her land and that of defendant;
whereupon defendant pulled down the rest of said fence,
and built a new fence about four or four and a half feet
to the east of the old one—thus taking possession of the
strip in contest.  This new fence takes in the west part
of plaintiff's barn, some of the boards of which defend-
ant took off.  (From the diagram in evidence it seems
that the new line also runs through plaintiff's house.)

The facts leave to the defendant only the defense that
plaintiff has not complied with the provisions of section
325 of the Code of Civil Procedure, relating to the pay-
ment of taxes.  Payment of taxes has no natural rela-
tion whatever to the matter of actual adverse possession
of land; and, therefore, the provision of said section
should not be applied as a mere technical defense
founded on an alleged slight defect in the description
of land.. In the present case this defense is highly
technical, for it is based upon the strict letter, and not
upon the spirit and intent of the law.  There is no pre-
tense that plaintiff tried to evade the payment of her
taxes, or that she did not believe that she had paid all
the taxes upon her land as inclosed and claimed by her.
She did actually pay all the taxes on her lot from 1872
to the present time; but the assessments for taxes on it
were made in the form of the "west thirty-two feet of
lot 2"; and it is contended that therefore she did not
pay taxes upon the small strip within her inclosure
which is now in contest    But if we should concede that
if the strip were actually not a part of lot 2, this

would be such a want of compliance with section 325 as to be fatal, still the whole theory of the appellant on this point is based upon the assumption that the strip in contest *is* not a part of lot 2, but is a part of lot 1. That assumption, however, is entirely unwarranted. On the contrary, it is alleged in the complaint that the new fence built by defendant was " on land of the plaintiff claimed by her to be a part of lot 2," and in the finding of the court the said fence is described as " constructed by defendant in December, 1892, on lot 2." It may be said that this finding is rather in the form of recital, and not direct; but there is no exception to it. Moreover, there is no averment in the answer that the strip is on lot 1, or that it is not on lot 2; and there is no exception to the findings on the ground that they do not fully enough find that the strip is a part of lot 2. It is expressly admitted by stipulation that plaintiff paid taxes as hereinbefore stated, and there was no need of a finding on that subject. These views make it unnecessary to discuss other points made by respondent in support of the judgment. In my opinion the judgment should be affirmed. Indeed, as appears from appellant's witness, the surveyor, it is impracticable to determine with any accuracy where the true line between the two lots is—if it can be said that there *is* any such true line; and, in the case at bar, I cannot see any stronger evidence of the correct location of that line than is afforded by the fact that a fence, on what respondent claimed to be the true line, has stood for a period several times longer than the statutory period of limitation, without any objection by the coterminous owners. And, for the purpose of the payment of taxes, this fence, in my opinion, establishes the western line of lot 2.