## CRANE v. JUDGE.

No. 1667.   Decided December 2, 1905 (83 Pac. 566).

1. APPEAL—THEORY OF CASE.—Where, in an action involving a disputed boundary line, defendant expressly alleged that the strip was in conflict with and outside of her general ownership, and that she had acquired title thereto by adverse possession, the Supreme Court, on appeal from a judgment in favor of plaintiff, was confined to the theory of the defense so presented.

2. ADVERSE POSSESSION—PAYMENT OF TAXES.—Revised Statutes 1898, section 2866, declares that in no case shall adverse possession be considered established, unless it shall be shown that the land has been occupied and claimed for a period of seven years continuously, and that the party claiming adversely shall have paid all taxes levied thereon. *Held*, that where, in a suit to determine a disputed boundary line defendant claimed the strip in conflict by adverse possession, but admitted that plaintiff had paid the taxes thereon, defendant's adverse claim was unsustainable.

3. BOUNDARIES—CONTRACTS—EASEMENTS.—A contract by which defendant's predecessor in title conveyed to plaintiff a perpetual right to use and enjoy the north half of the north wall of a building located over the line for building purposes, which agreement also contained a mistaken description of the location of the wall, did not constitute an agreement that the wall of such building should be considered as the boundary line.

APPEAL from District Court, Salt Lake County; C. W. Morse, Judge.

Action by Charles Crane against Mary Judge. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Henderson, Pierce, Critchlow & Barrette* for appellant.

*A. L. Hoppaugh* for respondent.

### APPELLANT'S POINTS.

One who has been ousted from possession of his real estate by an open, visible and exclusive possession in another, which has continued uninterruptedly for the limitation period, will be presumed to have knowledge of it. (*Carney v. Hennessey,* 74 Conn. 107, 53 L. R. A. 699.)

If the claimant "raises his flag and keeps it up," so to speak, sufficiently to attract the attention of the true owner to the situation, in view of the circumstances of the invasion, as a hostile claim of title, knowledge of such owner may be presumed as a fact on the general principle. (*Illinois Steel Co. v. Bilot,* 109 Wis. 418; 83 A. S. R. 905; Sdg. & W., Tr. Title Land, sec. 735; *Lampman v. Van Alstyne,* 94 Wis. 417; 1 Ency. [2 Ed.], 832.)

### RESPONDENT'S POINTS.

Where the statute requires payment of taxes, such payment is essential to the validity of the title of one claiming under the statutes as to adverse possession. (*Brown v. Clark,* 89 Cal. 196; Ross v. Evans, 65 Cal. 439; *McNoble v. Justiniano,* 70 Cal. 395; *Timmons v. Kidwell,* 149 Ill. 507; *Bolden v. Sherman,* 101 Ill. 483; *Digman v. Nelson,* 26 Utah 186, 189.)

If the occupation is founded upon the mistaken belief that a fence is on the true boundary line, there is no adverse posession. (*Goldsboro v. Piddock,* 87 Ia. 599.)

Possession under mistake or ignorance of the true boundary lines and without meaning to claim beyond the true line when discovered will not work a disseizin and is not adverse. (*Schad v. Sharp,* 95 Mo. 973; *Brown v. Cockerell,* 33 Ala. 38; *Brown v. Toy,* 3 Me. 126; *Skinker v.*

*Haagsena,* 99 Mo. 208; *Worcester v. Lord,* 56 Me. 266;
*Crawford v. Ahrens,* 103 Mo. 88; *Gates v. Butler,* 3 Humph.
[Tenn.] 447.)

If the occupation is founded upon the mistaken belief that
a fence is on the true boundary line, there is no adverse pos-
session. (*Goldsboro v. Piddock,* 87 Ia. 599.)

STRAUP, J.

1. Plaintiff, Crane, is the owner of a parcel of land 25 feet
by 165 feet fronting on Main street in Salt Lake City. De-
fendant, Judge, is the owner of a parcel of land 29.5 feet
by 165 feet adjoining on the south thereof. There are sub-
stantial business buildings on the east portion of the parcels,
on Crane's called the "Crane Building," on Judge's called
the "Karrick Building," both fronting on Main Street; on
the west portion of the parcels there is on each a one-story
building. The north wall of the Karrick building, owned by
Judge, at its east end, projects on the Crane Land .35 feet and
at the west end .54 feet. The north wall of the one-story
building on the Judge land projects on the Crane land .21
feet at the east end of the building, and 1.4 feet at the west
end. Crane brought an action against Judge to quiet title to
the parcel owned by him, described as being 25 feet by 165
feet. Judge filed a general denial and a cross-complaint, al-
leging her ownership of the 29.5 feet by 165 feet; and that
there is a conflict between the record description of the north
boundary of her land and the north wall of the Karrick build-
ing, on the east .35 feet, on the west .67 feet, but alleging
that she held such area in conflict, and acquired title thereto
by adverse possession; that there was an agreement between
the parties in writing whereby the north wall of the Karrick
building, continued in its own direction westerly to the west
boundary of the lot, was agreed upon as the true boundary
line between said properties; that the lasting and permanent
improvements placed on said strip in conflict cannot be remov-
ed without irreparable injury, and that plaintiff stood by and
saw the Karrick building built upon the lines aforesaid with-
out objection; and praying to have the title to said strip in
conflict quieted in her. There was a general denial to the cross-
complaint, except an admission that said area in conflict be-
tween defendant's record title and said north wall was not

only of record, but in fact; and it was further alleged, by way of reply, that, through mistake and without intention to encroach, a portion of the wall of the Karrick building was placed on plaintiff's land, and that neither at the time of its construction nor at any other time, until shortly before the commencement of the action, did the plaintiff or the defendant or her predecessors know that the said building encroached thereon. The Karrick building was erected in 1887 or 1888, and the one-story building on the Judge land was erected in the summer of 1895. The suit was commenced in February, 1902. The parties stipulated below in open court that Judge paid the taxes on her land, as described in her deed (29.5 feet), and that Crane paid the taxes on the land described in his complaint, that is, on the 25 feet. In August, 1889, Karrick, Judge's predecessor, by a writing, conveyed to Crane an alleyway at the rear of the premises, and also a perpetual right to the use and enjoyment of the north half of the north wall of the Karrick building, for building purposes. The instrument of conveyance, in this particular, recites: "Said second party [Crane] owning the lands adjoining said wall on the north, and intending to build thereon; said wall begins on the east side of lot 8, in said block at a point about fifty-seven feet north from the southeast corner of said lot 8, and runs west 100 feet." The distance north from the southeast corner of lot 8 to the north line of defendant's land is 57.5 feet, and to the north line of the said wall, 57.85 feet. The court found all the material issues in favor of the plaintiff, and quieted the title to the 25 feet by 165 feet in him, which included the area in conflict, subject, however, to the right of the parties to have the north wall of the Karrick building remain upon that portion of the said premises where the same now rests, during the existence of the wall. This was done, as found by the court, because of the value and permanency of the wall and of the agreement entered into between the parties as to its use. The defendant appeals.

2. While counsel for appellant say in their brief the appeal presents but one question, "where is the true boundary line of the properties of the plaintiff and the defendant?" and that "this is the only question in the case," the claim is made that the north wall of the Karrick building is such line, only because as stated by them, "for the reasons, ad-

verse possession and second, by written agreement." The appeal therefore confines us to a consideration of only these things. Except as to them, neither by pleadings nor by evidence has the defendant presented a case where the north line of the wall was or became the boundary line of her parcel of land as described in her cross-complaint. She specifically pleaded the area or strip in question, and as inclosed or occupied by the wall, to be in conflict with her record title, and, in effect, as being outside of her deed of conveyance, and alleged title to such strip by adverse possession. She well could have pleaded ownership and the right of possession in and to her parcel of land as described, and, when its boundary was drawn in question, by evidence would have been permitted to show that its north boundary line was the north line of the said wall; and she could in addition thereto also have alleged and shown an adverse holding. But instead of making such allegations, the defendant expressly alleged the strip to be in conflict with and outside of her general ownership, and as having been acquired by adverse possession. The defendant having tried and presented her case alone upon the theories that the strip of land occupied by the wall was acquired by adverse possession, and that the wall became the boundary line because of a certain agreement, our review and consideration of the case must necessarily be confined thereto.

The statute provides:

"In no case shall adverse possession be considered established under the provisions of any section of this Code, unless it shall be shown that the land has been occupied and claimed for a period of seven years continuously, and that the party or persons, their predecessors and grantors, have paid all taxes which have been levied and assessed upon such land according to law." (Section 2866, Rev. St. 1898.)

Nothing can be claimed by way of adverse possession because of the erection of the one-story building, for it was built less than seven years prior to the commencement of the action. The stipulation and the evidence show not only that the defendant did not pay the taxes on the strip of ground in question, but also shows affirmatively that the plaintiff did so. While it may seem a harsh rule to apply the requirement of the statute to pay the taxes to this kind of a case, the statute in most positive terms makes such requirement.

an essential in all cases. Under such a statute, and under facts similar to those in the case at bar, the courts of California have given the statute application, and held the claim of adverse possession unestablished because of the nonpayment of taxes by the party claiming to hold the strip adversely. (*Eberhardt v. Coyne,* 114 Cal. 283, 46 Pac. 84; *McDonald v. Drew,* 97 Cal. 267, 32 Pac. 173; *Brown v. Clark,* 89 Cal. 196, 26 Pac. 801; *McNoble v. Justiniano,* 70 Cal. 395, 11 Pac. 742; *Ross v. Evans,* 65 Cal. 439, 4 Pac. 443.)

Whatever presumption, if any, could have been indulged, that the taxes on the strip in question were paid by the defendant because of her having paid the taxes on the parcel of land owned by her, has been destroyed by the effect of the stipulation that she did not pay the taxes on the strip, but that the plaintiff did; that is, if one who pays taxes on a parcel of land described as 29.5 feet, but which in reality is 29.85 feet, as it is inclosed and claimed, may be said to have made payment of taxes on the land as inclosed, and that the description is but identification of the parcel, such assertion can no longer be successfully made when he admits that he paid the taxes on only 29.5 feet, and that another paid the taxes on the remaining .35 feet, or on a parcel which included it. However, on the theory that the land as inclosed or occupied by the wall was the parcel as described in defendant's deed, the question of adverse possession becomes of no importance in the case.

There remains, then, only the other question, was the writing heretofore referred to an agreement between the parties that the wall should be considered the boundary line, not only as to the length of the building, but also as to the extension of such line, in its own direction westerly to the west or rear end of the premises? We think this must be answered in the negative. From the reading of the instrument it is apparent that the parties were bargaining of and concerning, and contracting with respect to, the subject-matter of granting an easement whereby the plaintiff was privileged to use the wall for building purposes, and that they did not contract with respect to or bargain of and concerning any boundary, or that the wall should be treated or considered as such. What was said with respect to the location of the wall pertained to its description and identity, not to its fixing or es-

tablishing a boundary, nor was it treated as serving such purpose. The recital as to the plaintiff owning the lands adjoining said wall on the north was neither an assertion that he owned no other lands, nor that he owned no part of the land upon which the wall rested, nor was it with respect to defining the boundary of his land, but was mere matter of inducement leading to the granting of the easement. But were the writing given the force and effect contended for by appellant, the line could not be extended farther than the 100 feet, the length of the wall. To extend it westerly in its own direction to the west boundary, as contended for by appellant, is to read something into the grant not found there, nor reasonably implied. There is no claim here made that an agreement to make said wall the boundary line exists, or may be inferred from acts and conduct, or from acquiescence in its use as such, or that on principles of an equitable estoppel plaintiff is precluded from claiming beyond the north line of the wall, or that the wall is the boundary line of the defendant's parcel as described in her deed or record title.

Entertaining the views we do upon the matters presented, it necessarily follows that the judgment of the court below must be affirmed, with costs. It is so ordered.

BARTCH, C. J., and McCARTY, J., concur.