# TANNER v. STRATTON.

## No. 2534. Decided March 18, 1914 (139 Pac. 940).

BOUNDARIES — ESTABLISHMENT — RECOGNITION AND ACQUIESCENCE. Where adjoining landowners have occupied their respective premises up to a fence on a certain line, which they and their predecessors in interest had recognized and acquiesced in as the boundary line for many years, neither they nor their grantees may deny that such boundary line is the true division line.[1]

APPEAL from District Court, Fourth District; *Hon. J. E. Booth,* Judge.

Action for injunction by Esthma Tanner against John H. Stratton.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED WITH DIRECTIONS.

*J. W. N. Whitecotton* for appellant.

*A. L. Booth* for respondent.

STRAUP, J.

This is another boundary line case. The plaintiff alleged that she is the owner of certain described real estate in Utah County; that the defendant unlawfully entered upon it and removed a fence to plaintiff's damage; "that the defendant threatens to continue removing said fence if it shall be again constructed by the plaintiff, and will do so unless restrained by order of this court." The prayer is for a perpetual re-

---

[1] Farr v. Thomas, 41 Utah, 1, 122 Pac. 906; Young v. Hyland, 37 Utah, 229, 108 Pac. 1124; Rydalch v. Anderson, 37 Utah, 99, 107 Pac. 25; Moyer v. Langton, 37 Utah, 9, 106 Pac. 508; Christensen v. Beutler, 42 Utah, 392, 131 Pac. 666.

straining order" and for damages. The defendant alleged
that he is the owner of certain described land which ad-
joins that of the plaintiff, and that the boundary line be-
tween the two tracts was, more than twenty-five years ago
by their predecessors in interest, fixed and established by
the building of a fence as and for a boundary line, and as
such was accepted, recognized, and acquiesced in by all parties
concerned for all those years, and not questioned by any
one until the plaintiff, who shortly after she acquired title
to the land described in her complaint, tore the fence down
and reconstructed it on the defendant's land. Both parties
have treated the case as one in equity. Since they have so
regarded it, we shall so regard it. There is no controversy as
to the title and ownership of the respective parcels. The
whole dispute is with respect to the boundary line. It is
shown without substantial conflict that a division fence was
constructed and existed for many years between the lands of
the contestants, and that it was recognized and acquiesced
in as and for a boundary line by plaintiff's predecessors in
interest and by the defendant and his predecessors in in-
terest for many years. The evidence shows that until the
plaintiff acquired the land described in her complaint each
party in interest occupied and cultivated his parcel up to
the fence, and neither claimed beyond it. The fence was
originally placed on a line as fixed by the then county sur-
veyor. It is claimed by the plaintiff that that survey was not
accurate. According to subsequent and recent surveys the
fence is not on the true line. So the plaintiff, shortly after
she acquired the land described in her complaint, took the
fence down and reconstructed it on the line as indicated by
the later surveys. The defendant tore it down and threw it
back on the plaintiff's land. Then this lawsuit was com-
menced. The court found the boundary line to be part of the
way as indicated by the later surveys, and part of the way
as indicated by the old fence line. This on the theory that a
portion of the fence was recognized and acquiesced in by
plaintiff's predecessors in interest as a boundary line, and
that a portion was not. Hence a judgment was rendered

fixing the boundary line part of the way as shown by the later surveys, and part of the way as shown by the old fence. The defendant appeals, contending that the boundary line for the entire distance between his land and the plaintiff's should be fixed and established as indicated and evidenced by the old fence.

On the record the boundary line is either as indicated by the old fence or as shown by the surveys. There is no room for any middle ground. There is no basis for the findings and conclusions that a portion of the old fence line was recognized and acquiesced in as a boundary line and a portion not, thus following the fence line a part of the way, and the surveys the rest of the way, and thereby creating a jog, dividing the disputed area and awarding a portion to each contestant. The north portion of the fence which the court was found was not recognized was built before the south portion, which the court found was recognized and acquiesced in for many years by plaintiff's predecessors in interest. This because plaintiff's predecessors assisted in locating and building a fence in line with the latter, but "took no part in erecting" the former, "and made no agreement as to the same being the *true* line between said lands," and that the former "was put up without the knowledge, consent, or acquiescence of the plaintiff or her predecessors in interest." But her predecessor located the latter in a direct line with the former, and on what he regarded as the boundary line, and at no time occupied or claimed ground beyond that line. There is no direct evidence that the north portion was built on the line with his express consent or by agreement. But it was there for more than twenty years, marking the boundary line. He cultivated and occupied up to the fence, and at no time occupied or claimed any ground beyond it, and located the latter portion of the fence in a direct line with it. All this indicates, not only a mere recognition and acquiescence in the old fence line as and for a boundary line, but consent as well, facts from which consent may be implied. The record without any substantial dispute clearly shows the old fence line for the entire distance was recognized, treated, and ac-

quiesced in by plaintiff's predecessor in interest, and by the defendant and his predecessors, for many years as and for a boundary line, each occupying and claiming up to that line, and neither beyond it. There is no doubt of that. But the plaintiff after she acquired her land chose not to be bound by the old fence, and, regardless of how long it had been there, the purpose for which it was put up and maintained, or the circumstances under which it was treated and recognized by her predecessors in interest, sought to have the line fixed and adjudged as shown by the later surveys, which she insists indicate the *true* line. This she may not do. The case is clearly within the rulings announced by us in *Farr v. Thomas,* 41 Utah, 1, 122 Pac. 906; *Young v. Hyland,* 37 Utah, 229, 108 Pac. 1124; *Rydalch v. Anderson,* 37 Utah, 99, 107 Pac. 25; *Moyer v. Langton,* 37 Utah, 9, 106 Pac. 508; *Christensen v. Beutler,* 42 Utah, 392, 131 Pac. 666; and other cases there cited. The judgment is not in harmony with them.

So, let it be reversed and the cause remanded, with directions to make findings in accordance with the facts alleged in the answer, and to enter a judgment as prayed for by the defendant; costs to the appellant. It is so ordered.

McCARTY, C. J., and FRICK, J., concur.