## WARREN v. MAZZUCHI.

No. 2692.   Decided April 8, 1915 (148 Pac. 360).

1. BOUNDARIES—AGREED BOUNDARIES. Where adjoining landowners erected a substantial fence as a boundary between their property, and plaintiff and his predecessors in title held possession up to the fence for nearly thirty years, it constituted an agreed boundary, and defendant, who owned the other parcel, could not thereafter claim land on plaintiff's side.[1] (Page 615.)

2. BOUNDARIES—AGREED BOUNDARIES—EFFECT. Where adjoining landowners established agreed boundaries between their holdings, the boundary constitutes the division line, though the holdings have not ripened into title by adverse possession. (Page 616.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Suit to quiet title by Samuel P. Warren against Joseph Mazzuchi.

Judgment for plaintiff.   Defendant appeals.

[1] *Crane* v. *Judge,* 30 Utah 50; 83 Pac. 566; *Holmes* v. *Judge,* 31 Utah 269; 87 Pac. 1009; *Moyer* v. *Langton,* 37 Utah 9; 106 Pac. 509; *Rydalch* v. *Anderson,* 37 Utah 99; 107 Pac. 25; *Young* v. *Hyland,* 37 Utah 229; 108 Pac. 1124; *Binford* v. *Eccles,* 41 Utah 453; 126 Pac. 333; *Christensen* v. *Beutler,* 42 Utah 392; 131 Pac. 666; *Tanner* v. *Stratton,* 44 Utah 253; 139 Pac. 940.

AFFIRMED.

*C. S. Patterson* for appellant.

*Booth, Lee, Badger, Rich & Parke* for respondent.

FRICK, J.

The plaintiff commenced this action in equity to quiet title to a certain parcel of ground in Salt Lake City, which in the complaint is fully described. In the complaint it is in substance alleged that the plaintiff is the owner, and that he and his predecessors in interest were in the actual, open, continuous, exclusive, and adverse possession of said parcel of ground for a period of more than thirty years immediately preceding the commencement of the action, and that during all of said time he and his predecessors in interest had paid all of the taxes assessed against the same. The plaintiff further alleged:

"That the boundary line between the premises owned by this plaintiff and used and occupied by him and his predecessors in interest, and the property belonging to the defendant herein and his predecessors in interest, is as follows: Commencing at a point 59.5 feet south of the northwest corner of lot 5, block 36, plat A, as established by the present city survey, and running thence east forty-four feet, which said boundary line was established by the predecessors in interest of the parties hereto, accepted as such, agreed to and acquiesced in as the boundary line for a continuous period of more than thirty years, and was marked by a board fence, the post of which said fence on the west end is still standing."

There are additional allegations in the complaint, but they are not material here.

The defendant answered the complaint and set forth that he was the owner of the parcel of ground lying immediately south of plaintiff's parcel aforesaid, and in his answer claimed that he was the owner of a strip of about three and a half feet wide along the south side of the parcel described and claimed by the plaintiff as aforesaid.

The whole controversy, therefore, is limited to said small strip of ground.

The court, in its findings, after describing plaintiff's parcel of ground as it is described in the complaint, found the following facts:

"The court further finds that the south boundary of the property described in paragraph 1 hereof was established about the year 1887, by the erection of a substantial fence, and that the said plaintiff, Samuel P. Warren, and his predecessors in interest, have been in the actual, open, continuous, notorious, adverse possession of all the above-described real estate continuously ever since the year 1887, and that the plaintiff and his predecessors in interest have had the same inclosed by a substantial board fence, have paid all of the taxes assessed and levied against the premises owned and occupied by the plaintiff during and for the years 1887 to 1913, inclusive. The court further finds that about the year 1887 there was erected along the south end of the property described in paragraph 1 a division fence, which said fence begins at a point fifty-nine and five-tenths feet south of the northwest corner of said lot five, block thirty-six, plat A, as established by the present Salt Lake City survey (being the survey made since the year 1890, and which is now marked by a brass hub), and runs east from said point forty-four feet; that said fence has been continuously maintained and kept up along said line until on or about the 6th day of April, 1912, when the defendant tore all of said fence down, save and except the post which was at and formed the west end of said division fence, which said post is still in place, which said fence was the agreed boundary line between plaintiff's and defendant's said premises from the year 1887 to April, 1912. The court further finds that the plaintiff Samuel P. Warren, and his predecessors in interest have claimed and do claim all of the property lying north of said division fence, being all the property described in paragraph 1 hereof, and have occupied and improved and used the same from about the year 1887 down to the present time, and have paid all the taxes levied and assessed against the premises owned and occupied by the plaintiff during all of said years."

The other findings are not material here. Upon those findings the court made conclusions of law and entered judgment

in favor of the plaintiff for the whole parcel of ground, including said strip of three and a half feet claimed by the defendant. The defendant appeals from the judgment.

The defendant assails the findings and judgment. What his counsel, however, really claims is this: That this case comes within the rule laid down by this court in the case of *Crane* v. *Judge*, 30 Utah 50; 83 Pac. 566, where Mr. Justice Straup, speaking for the court, said:

"Neither by pleadings nor by evidence has the defendant presented a case where the north line of the wall was or became the boundary line of her parcel of land as described in her cross-complaint. She specifically pleaded the area or strip in question, and as inclosed or occupied by the wall, to be in conflict with her record title, and, in effect, as being outside of her deed of conveyance, and alleged title to such strip by adverse possession."

Counsel, therefore, contends that the court erred in its findings and judgment.

We have set forth the allegations of plaintiff's complaint so far as we deem them material to illustrate the point raised by counsel. We have also examined the allegations contained in the complaint filed in the case of *Crane* v. *Judge*. There is no similarity between the two complaints, except that that case was also one to quiet title to a certain parcel of ground. In that case the parties expressly stipulated with regard to the questions to be passed on by this court. It is upon that stipulation and the pleadings that the statement in the opinion we have quoted above was made. It was, however, held that the question of an established boundary line was not involved in that case, and the decision is expressly limited to the question of adverse possession. In the complaint in the case at bar the existence of the established boundary line is explicitly alleged, and the precise point where said line had been established and how the same was marked on the ground and maintained and the length of time it had been so established, maintained, and marked are fully alleged. This case is therefore a boundary line case, while *Crane* v. *Judge, supra,* for the reasons stated, was not such a case. The evidence in this case is clear and convincing that the original owner of both plaintiff's and defendant's parcels of ground sold that portion

now occupied by the defendant more than thirty years preceding the commencement of this action; that immediately after such sale a fence was erected between the parcels now claimed by the plaintiff and defendant, respectively; that said fence has been maintained in some form as marking the true boundary line ever since said time and until a short time before this action was commenced, when the defendant for the first time disputed it. The court so found, and the finding is not only sustained by the evidence, but, as we read the record, no other finding could well have been sustained. But counsel objects to the finding on adverse possession. He contends that the tax receipts introduced in evidence by the plaintiff, as well as the deed, did not include the three and a half foot strip. Assuming, for the purpose of this decision, that counsel's contention is correct, yet that fact, standing alone, cannot affect the judgment. The judgment is based upon the finding of an established boundary line, as well as upon adverse possession, and hence, even though the finding upon adverse possession failed, the judgment would still be sufficiently supported by the finding of an established boundary line. This case, therefore, comes squarely within the doctrine announced in *Holmes* v. *Judge*, 31 Utah 269; 87 Pac. 1009; *Moyer* v. *Langton*, 37 Utah 9; 106 Pac. 509; *Rydalch* v. *Anderson*, 37 Utah 99; 107 Pac. 25; *Young* v. *Hyland*, 37 Utah 229; 108 Pac. 1124; *Binford* v. *Eccles*, 41 Utah 453; 126 Pac. 333; *Christensen* v. *Beutler*, 42 Utah 392; 131 Pac. 666; *Tanner* v. *Stratton*, 44 Utah 253; 139 Pac. 940. Defendant's contention must therefore fail.

The judgment is affirmed, with costs.

STRAUP, C. J., and McCARTY, J., concur.