## DAVIS v. LYNHAM et al.

### No. 4295.   Decided June 5, 1926.   (247 P. 294)

1. EXCEPTIONS, BILL OF—DISTRICT COURT MAY ALLOW AND SETTLE BILLS OF EXCEPTION AFTER STATUTORY TIME HAS ELAPSED, IF IT APPEARS THAT PARTY SEEKING SETTLEMENT FAILED TO PRESENT SAME WITHIN TIME FIXED BY STATUTE THROUGH EXCUSABLE NEGLECT (COMP. LAWS 1917, §§ 6619, 6969).   District court may, under Comp. Laws 1917, § 6619, allow and settle bills of exception after statutory time has elapsed, if it appears to satisfaction of court that party seeking settlement failed to present bill within time fixed by section 6969, through excusable neglect.[1]

2. APPEAL AND ERROR—UNLESS COURT ABUSED DISCRETION IN ALLOWING AND SETTLING BILL OF EXCEPTION AFTER STATUTORY TIME ON GROUND OF EXCUSABLE NEGLECT, APPELLATE COURT CANNOT STRIKE BILL.   Unless court abused its discretion in allowing and settling bill of exception after statutory time on ground of excusable neglect, appellate court cannot strike bill of exceptions.[1]

3. EXCEPTIONS, BILL OF—COURT HELD NOT TO ABUSE DISCRETION IN ALLOWING AND SETTLING BILL OF EXCEPTIONS THREE OR FOUR DAYS AFTER TIME ALLOWED BY STATUTE (COMP. LAWS 1917, § 6619).   Court *held* not to abuse its discretion in allowing and settling bill of exceptions three or four days after time allowed by statute, where due notice of application therefor was served on respondent's counsel, who did not controvert or explain facts claimed by appellants, and court found delay was due to severe sickness, constituting excusable neglect within Comp. Laws 1917, § 6619.

4. BOUNDARIES—WHERE OWNERS OF ADJACENT LANDS OCCUPIED AND CLAIMED RESPECTIVE PREMISES TO FENCE, RECOGNIZED AS ON BOUNDARY LINE FOR MORE THAN 20 YEARS, LINE CANNOT BE INTERED WITH.   Where owners of adjacent lands occupied and claimed respective premises to a fence, recognized as on the boun-

---

[1] *Tooele Imp. Co.* v. *Hoffman*, 44 Utah, 537, 141 P. 745; *Allen* v. *Garner*, 45 Utah, 39, 143 P. 228; *Moyle* v. *McKean*, 49 Utah, 93, 162 P. 63.

Corpus Juris-Cyc. References:

[1-3]   Appeal and Error 4 C. J. p. 271 n. 19; p. 842 n. 55 New.
[4]   Boundaries 9 C. J. p. 247 n. 22.
[5-7]   Boundaries 9 C. J. p. 245 n. 4 New; p. 286 n. 92.

dary line for more than 20 years, such boundary cannot be inter-fered with without consent of interested parties.[2]

5.  BOUNDARIES—UNDERSTANDING THAT BOUNDARY LINE FENCE WAS CONDITIONALLY PERMITTED TO REMAIN, AND THAT IT WAS LATER TO BE MOVED, HELD NOT BINDING, WHERE OTHER LANDOWNER DID NOT KNOW ABOUT IT. Understanding that boundary line fence was only conditionally permitted to remain where it was, and that it was later to be moved to true boundary line, *held* not bind-ing, whether other landowner did not know about it.

6.  BOUNDARIES. Evidence *held* to sustain finding that boundary line was established by agreement or acquiescence.

7.  BOUNDARIES—IN BOUNDARY DISPUTE COURT HELD NOT BOUND TO ACCEPT STATEMENTS OF DEFENDANTS RESPECTING UNDERSTANDING THAT BOUNDARY LINE FENCE WAS CONDITIONALLY PERMITTED TO REMAIN AND WAS LATER TO BE MOVED. In boundary dispute, under evidence court *held* not bound to accept statements of defendants respecting understanding that boundary line fence was condition-ally permitted to remain and was later to be moved.

Appeal from District Court, Second District, Weber Coun-ty; *George S. Barker,* Judge.

Action by Daniel M. Davis against Mary Ann Lynham and Jane Ann Deppe and another. Judgment for plaintiff against the named defendants, and they appeal.

AFFIRMED.

*J. W. Stringfellow,* of Salt Lake City, for appellants.

*Bagley, Judd & Ray,* of Salt Lake City, for respondent.

FRICK, J.

---

[2] *Holmes* v. *Judge,* 31 Utah, 269, 87 P. 1009; *Moyer* v. *Langton,* 37 Utah, 9, 106 P. 508; *Rydalch* v. *Anderson,* 37 Utah, 99, 107 P. 25; *Young* v. *Hyland,* 37 Utah, 229, 108 P. 1124; *Farr Dev. Co.* v. *Thomas,* 41 Utah, 1, 122 P. 906; *Binford* v. *Eccles,* 41 Utah, 453, 126 P. 333; *Christensen* v. *Beutler,* 42 Utah, 392, 131 P. 666; *Tanner* v. *Stratton,* 44 Utah, 253, 139 P. 940; *Warren* v. *Mazzuchi,* 45 Utah, 612, 148 P. 360.

The plaintiff has filed a motion in this case to strike the bill of exceptions on the ground that the same was not presented for allowance or settlement within the time required by our statute. The record shows that the appellants did not present their proposed bill of exceptions for settlement until about three or four days after, under the provisions of our statute, it should have been presented for allowance and settlement. Before presenting the bill, however, appellants, through their counsel, served notice upon plaintiff's attorneys that counsel at a day named in the notice would apply to the district court for leave to allow and settle the bill out of time. In connection with the notice aforesaid, counsel also served and filed an affidavit in which the reasons why the bill was not presented for settlement within the statutory time were fully set forth. At the hearing of the application, counsel for appellants also testified, and in his testimony supplements the facts set forth in the affidavit aforesaid. The district court of Davis county, after having heard and considered the statements contained in the affidavit and the oral testimony of counsel, found that the reason why the proposed bill of exceptions was not presented within the time required by our statute "was due to severe sickness," and, therefore, constituted "excusable neglect" within the purview of Comp. Laws Utah 1917, § 6619. Pursuant to the finding of the court it entered an order by which it allowed and settled the bill of exceptions in this case. It is contended on behalf of plaintiff that the facts upon which the district court acted were insufficient to invoke its jurisdiction to allow and settle the bill of exceptions. Counsel have cited no authorities in support of their contention. Upon the other hand, this court has on several occasions held that a district court may allow and settle bills of exceptions after the statutory time has elapsed, provided it is made to appear to the satisfaction of the court that the party seeking the settlement of the bill through excusable neglect failed to present the same for allowance and settlement within the time fixed by Comp.

Laws Utah 1917, § 6969. See *Tooele Imp. Co.* v. *Hoffman,* 44 Utah, 537, 141 P. 745; *Allen* v. *Garner,* 45 Utah, 39, 143 P. 228; *Moyle* v. *McKean,* 49 Utah, 93, 162 P. 63. It is held in those cases that to some extent at least the matter rests within the sound discretion of the court to which the application is made, and, unless it is made apparent that the court abused its discretion, the appellate court cannot interfere by striking the bill of exceptions. In view that in this case due notice of the application was served upon plaintiff's counsel, and that they in no way controverted or explained the facts as claimed by appellants, we are 3 clearly of the opinion that the district court did not abuse its discretion in allowing and settling the bill of exceptions in this case. Plaintiff's motion to strike the bill of exceptions, therefore, should be, and it accordingly is, overruled.

We now proceed to a consideration of the merits.

The action was commenced against both of the appellants and against one George Lynham. Before trial it was, however, dismissed as against George Lynham, and he will not be further noticed.

The action involves the exact location of the boundary line between plaintiff's and appellants' parcels of land in Davis county, Utah. In view that the findings fully reflect the issues presented by the pleadings and the evidence, we shall set them forth somewhat fully in this opinion. After finding some preliminary matters, the court found that the plaintiff is the owner of that certain parcel of land, the south boundary line of which is in dispute in this action, fully describing the same by metes and bounds; that the appellants are the owners of the parcels of land lying immediately south of, and adjoining, plaintiff's parcel, which parcels are also fully described by metes and bounds; that for more than 20 years immediately preceding the 22d day of May, 1922 (the date upon which the alleged trespasses were committed as hereinafter set forth), the plaintiff and his predecessors in interest "have been in the possession, occupation, and use

of the parcel of land" described as aforesaid, and that the south boundary line of which for more than 20 years last past was as follows: [here follows a full description of the boundary line by giving courses and distances which are as claimed by plaintiff] ; "that said boundary line as herein last above described has been acquiesced and agreed in and to by the plaintiff and these defendants and their predecessors in interest for more than 20 years next prior to the last date hereinabove named; that said line has been marked, fixed, defined, and determined by the building upon said line and a maintenance thereon of a substantial boundary line fence which fence as a boundary line has been acquiesced in and agreed to by the plaintiff and defendants and their predecessors in interest for the time hereinabove set out, after evidenced by the fact that the defendants or their predecessors in interest have permitted old trees to stand along the boundary line as hereinabove described, to which old trees there have been attached the wires completing the fence; which trees today stand along and mark said boundary line; that defendants or their predecessors in interest, at least 15 years next prior to the date of the trial of this cause of action, built and constructed a buggy house and lean-to along said fence line, making the northerly side of said buggy house and lean-to part of said fence line; that defendants and their precessors in interest for more than 20 years next prior to the date hereinabove referred to, the 1st day of May, 1922, in leveling up and cleaning their said land to the south of said fence, leveled and cleared up to the boundary as fixed by said fence, and have in leveling left a substantial bank along said fence line showing from where part of the soil was taken to do the leveling, and have thrown and dumped along said fence line rock and other debris cleared from the land leveled; that plaintiff and his predecessors in interest have continuously and uninterruptedly, for a period of more than 20 years next prior to the date last above referred to, occupied and used their said land up to said fence and boundary line without molestation or objection on

the part of the defendants, or either of them or their predecessors in interest; that for a period hereinabove set out the plaintiff and his predecessors in interest have maintained, improved, by way of orchards and gardens on his said property, up to the fence and boundary line hereinabove described and set out, and that for more than 15 years plaintiff and his predecessors in interest have maintained and cultivated cherry trees on part of his said land up to said fence and boundary line—all without objection or molestation from or on the part of defendants herein, or either of them, or their predecessors in interest; that said boundary line, as established and fixed by said fence as herein set out for more than 20 years next prior to the 1st day of May, 1922, has never been disturbed or molested by the defendants or either of them or their predecessors in interest, but has at all times been acknowledged, acquiesced in, and mutually agreed to and recognized by plaintiff these defendants, and their predecessors in interest as the true fixed and determined boundary line between their respective lands." The court further found that the appellants "and each of them unlawfully and without right tore down the existing boundary line fence, and wrongfully and unlawfully entered upon the land of the plaintiff, and by force attempted to construct a fence upon the land belonging to the plaintiff, and have threatened to, and continued to threaten to, enter upon plaintiff's land," etc. The court also found "that, according to the descriptions of the property of each defendant lying south of said boundary line as fixed by the fence maintained along the line, when considered from the standpoint of metes and bounds of said property belonging to each defendant as fixed by the descriptions in the deeds of grant to each of said defendants, each defendant has in her possession, with a boundary line fixed as hereinabove described, a greater area of land than is called for in the description according to metes and bounds as set out in the deeds of grant to them or their predecessors in interest; that defendants or either of them or their predecessors in interest have not at any

time for a period of more than 20 years next prior to the 1st of May, 1922, ever had the possession, use, or occupation of any land north of the boundary line as fixed by the fence herein described and mentioned, which said boundary line is as described and fixed in paragraph 4 of these findings, and have at all times acquiesced and agreed to said boundary line fence as so fixed." The court then made conclusions of law establishing the boundary line between plaintiff's and appellants' parcels of land. A decree in conformity with the findings of fact and conclusions of law was accordingly entered, from which this appeal is prosecuted.

Appellants assail the findings of fact, conclusions of law, and judgment.

We remark that, if the court's findings of fact are sustained by the evidence, the conclusions of law and judgment are clearly within the doctrine announced by this court in the following, among other, cases:
*Holmes* v. *Judge*, 31 Utah, 269, 87 P. 1009; *Moyer* v. *Langton*, 37 Utah, 9, 106 P. 508; *Rydalch v. Anderson*, 37 Utah, 99, 107 P. 25; *Young* v. *Hyland*, 37 Utah, 229, 108 P. 1124; *Farr Dev. Co.* v. *Thomas*, 41 Utah, 1, 122 P. 906; *Binford* v. *Eccles*, 41 Utah, 453, 126 P. 333; *Christensen* v. *Beutler*, 42 Utah, 392, 131 P. 666; *Tanner* v. *Stratton*, 44 Utah, 253, 139 P. 940; *Warren* v. *Mazzuchi*, 45 Utah, 612, 148 P. 360. In addition to the foregoing, there are a number of later cases in which the doctrine announced in the cited cases was approved and followed. We do not deem it necessary to specifically refer to the later cases. We thus have an unbroken line of cases in which it was held that boundary lines coming within the facts found by the district court in the instant case cannot be interfered with without the consent of the interested parties. It is only just to appellants' counsel, however, to state that he does not assail the doctrine announced in the foregoing cases, but he insists that the court's findings are not sustained by the evidence, and that under the facts in this case it is an exception to the rule laid down in the cases we have cited.

In that connection counsel contends that the finding of the court that the boundary line in question was established by agreement or acquiescence is not supported by the evidence. It is not practicable to set forth the evidence in detail. Nor is it necessary to do so. It must suffice to say that it is contended by counsel that a dispute had arisen between the predecessors in interest of the parties to this action some 30 years or more immediately preceding the trial respecting the location of the boundary line, at which time the predecessors in interest of appellants attempted to construct a fence farther to the north than where the "old brush fence" was located, and where the court found the fence in question had been for more than 20 years; that at the time the attempt to erect a fence farther north was made the woman who was in possession of the parcel of land now owned by the plaintiff objected to placing the fence farther north of the line where the court found the old brush fence was and where the fence now is; that, in order to settle the controversy, a neighbor was called in, and that he advised the predecessors of appellants to desist from removing or constructing the fence at that time, for the reason that the woman who was in possession of plaintiff's parcel of land, and who made the objection, was very old, and that she in all probability would soon depart this life, after which they could move the fence farther north. Counsel therefore insists that this presents a case where the boundary line fence was only provisionally or conditionally permitted to remain where it was, with the "understanding" that it was later to be moved farther north on the true boundary line. The difficulty with the contention is that it is not shown that either the old lady who was in possession of the parcel of land owned by the plaintiff nor any one else acting in her behalf either knew anything about or consented to the alleged "understanding," and hence no binding effect could be given to the alleged understanding. Even if it were conceded to have been as stated, there is, however, another insurmountable obstacle, which is that some time after

the alleged "understanding" the predecessors of appellants did in fact construct a fence, and they placed it just where the court found it now is. They also constructed some outhouses, the north walls of which were placed up to the boundary line where the court found it to be. They and their successors in interest also did other things which clearly indicate to the disinterested mind that they either considered the fence as constructed to be the boundary line between the parcels of land now owned by the parties to this action or acquiesced therein. Moreover, the court found, and the evidence clearly supports the finding, that the location of the fence was acquiesced in by all concerned for more than 20 years immediately preceding the acts of trespass complained of by plaintiff. If, therefore, the boundary line is where the court found it to be, it is tantamount to an agreed boundary line which the court was not justified in disturbing. In view, however, that the predecessors of appellants constructed the boundary line fence precisely on the line where it was, where the old lady, the predecessor in interest of the plaintiff, insisted that it should remain, when, as they contend, the old lady could only survive a short time at most, and in connection therewith made improvements to conform to such line, they very much weakened, if they did not entirely destroy, the probative force or effect of their own statements respecting the alleged "understanding." In view of that and other circumstances appearing in the evidence, one of which is that the appellants now have more ground than is called for by their deed, the district court was not bound to accept the statements of appellants respecting the alleged "understanding"; and, if it was not so bound, we cannot interfere with its findings, although apparently they are not in harmony with the alleged "understanding."

After a careful examination of the record, we have no hesitancy in holding that the court's findings of fact are amply sustained by the evidence, and that the conclusions of law and judgment could not have been otherwise without in

effect disregarding the numerous decisions of this court, to some of which we have hereinbefore referred. The judgment, therefore, is affirmed, with costs.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.