VICTORIA COPPER MINING COMPANY, RESPOND-
ENT, *v.* WILLIAM HAWS, AND OTHERS, APPELLANTS.

APPEAL.—FINDINGS.—CONFLICTING EVIDENCE.—Where the evidence
    is conflicting, but there is enough evidence in the record to
    support the findings and the judgment, the findings will not
    be disturbed upon appeal.

ID.—TRIAL BEFORE THE COURT.—OBJECTIONS TO TESTIMONY.—
    Where a cause is tried in the lower court before the court
    without a jury, if there is enough competent, material and
    relevant evidence in the record to support the findings
    objections to the admission of testimony will be unavailing
    whether the cause is one at law or in equity, because the pre-
    sumption is that the court considered only the proper
    testimony.

TRIAL.—ADMISSION OF TESTIMONY SUBJECT TO OBJECTION.—Where
    there is evidence, competent and proper, in the record to
    justify the judgment and findings, it is harmless error for the
    lower court to have received incompetent, irrelevant or imma-
    terial evidence subject to objection, where the trial is before
    the court, even in a case at law.

APPEAL from a judgment of the district court of the
third district and from an order refusing a new trial.
The opinion states the facts, except the following: The
complaint alleged two causes of action, one for relief at
law, the possession of the premises, the second, for
possession of the premises and a permanent injunction.
Defendants denied the complaint and made cross-com-
plaint, asking to have their title to the ground quieted.
The judgment gave legal relief to plaintiff, to-wit: the
possession and damages for certain ore, and also equit-
able relief, to-wit: a permanent injunction.

Whether or not this was a suit at law or in equity
the court does not seem to have considered. As to the

rule in equity cases, the court had settled the rule in *Machine Co.* v. *Mining Co.*, 6 Utah 351.

*Messrs. Bennett, Marshall and Bradley,* for the appellants.

*Mr. Charles C. Dey* and *Mr. E. D. R. Thompson,* for the respondent.

BLACKBURN, J.:

The abstract in this case is very imperfect. The names of the parties defendant are not set out. It does not purport to be an abstract of all the evidence given at the trial. It assigns errors in the findings of fact by the trial court by numbers, without setting out the findings. It only gives the findings as a whole, without designating them by numbers. The purpose of an abstract of the record is to enable the court of appeals to decide the case without the labor of the examination of a voluminous record. This abstract only increases, instead of lessening, the labor of the court. This suit was brought to recover the possession of two mining claims, the Copper the Ace, and the Antietam, and for damages, and was tried by the court without a jury, a jury being waived. The court found for the plaintiff company, and rendered judgment accordingly. The defendants made a motion for a new trial, which was overruled, and defendants appealed both from the order overruling the motion for a new trial and the judgment, and assigned many reasons for reversing the judgment, to-wit, errors of law, in this: that improper, irrelevant, immaterial, and incompetent evidence was heard by the court, some of which was admitted subject to the objections, and to some the objections were overruled. When the judge tries a case without a jury, it is not a reversible error to admit

incompetent, irrelevant, or immaterial evidence; for he decides the case on the proper testimony only, and disregards entirely that which is incompetent, irrelevant, and immaterial. When a clear preponderance of competent, relevant, and material evidence supports the findings, this court will not reverse because of errors of the court below in admitting incompetent, irrelevant, or immaterial evidence, for the presumption in such case is that it was wholly disregarded. *Insurance Co.* v. *Friedenthal*, (Colo.) 27 Pac. Rep. 88. This disposes of all the exceptions taken to the reception of evidence claimed to be improper.

We have carefully looked through the record, and considered all the evidence, and although we are not entirely satisfied with the findings of the trial court, yet we cannot say as a matter of law that they are wrong. There is enough evidence in the record, if true, to support the findings and judgment. It is very contradictory, and we think the trial judge, who saw the witnesses on the stand, and noticed their manner and bearing, and doubtless attended closely to all the surroundings, is better qualified to judge of what testimony is truthful than this court, who have only an imperfect abstract of it in the record. One witness testifies in detail to all the circumstances of locating the claims, and, if what he says he did was really done, the location of the claim was complete. The defendant Haws looked for stakes afterwards, but did not find any, and so said several witnesses. But Haws quit work for the plaintiff company on the claims a very few days before he attempted to relocate them, and it is not at all improbable that a man who will not see stakes when he is looking for them, will deliberately undertake, while in his pay, to appropriate his employer's property to his own use. Again, it is not disputed that the defendant Haws took possession of the

property, and ousted the plaintiff, while its agents were actually working on the claims. We do not think we ought to reverse the judgment, because, it is alleged, it is not supported by the evidence; because we think that a clear preponderance of the evidence does support it. A further view of the evidence would be profitless.

Another contention of the defendants is that the court, in this case, during the progress of the trial, received certain evidence subject to the objections of the defendants, and did not afterwards specifically rule upon these objections, and left the contestants in doubt as to whether he considered such evidence in making his judgment. Many authorities are cited in support of this contention. It is fully supported by Californian authorities, but no other is cited in its support. This question need not be passed upon in this case, for the neglect to decide each of the objections made to the testimony would and could not have changed the result. And if it was error in this case it was harmless, for which an appellate court will not reverse; for, if the trial court believes the competent evidence, unobjected to, introduced by the plaintiff, he must have decided as he did, and it could make no difference which way he decided the question of the admissibility of the evidence objected to. We see no error in the record that justifies a reversal. Therefore the judgment is affirmed.

Zane, C. J., and Miner, J., concurred.