# BARTHOLOMEW v. PICKETT.

No. 3022. Decided December 31, 1917. (170 Pac. 65.)

1. APPEAL AND ERROR—REVIEW—FINDINGS OF LOWER COURT. Where, in case the record were alone looked to, different minds might arrive at different conclusions respecting the ultimate facts, the Supreme Court should not interfere with the lower court's finding.[1] (Page 315.)

2. APPEAL AND ERROR—REVERSAL—SUFFICIENCY OF COMPETENT EVIDENCE TO SUSTAIN FINDINGS. When a case is tried by the court without a jury, judgment will not be reversed for the admission of

---

[1] *Holmes* v. *Judge*, 31 Utah 269, 87 Pac. 1009; *Moyer* v. *Langton*, 37 Utah 9, 106 Pac. 509; *Rydalch* v. *Anderson*, 37 Utah 99, 107 Pac. 25; *Young* v. *Hyland*, 37 Utah 229, 108 Pac. 1124; *Binford* v. *Eccles*, 41

incompetent evidence, if there is sufficient competent evidence to sustain the findings.[2]  (Page 316.)

Appeal from District Court of Sanpete County, Seventh District; *Hon. A. H. Christensen,* Judge.

Action by G. M. Bartholomew against C. H. Pickett.

Judgment for defendant.  Plaintiff appeals.

AFFIRMED.

*Lewis Larson* for appellant.

*Dilworth Woolley* for respondent.

FRICK, C. J.

Plaintiff brought this action to recover for an alleged trespass by the defendant on lands of which plaintiff alleged he was the owner.  The plaintiff fully described the lands in question and set forth the time and nature of the alleged trespass.  He prayed for damages, and that the defendant be enjoined from further trespassing on the lands in question. The defendant, in his answer, denied that plaintiff was the owner of the lands described in his complaint;  denied the alleged trespass, and that plaintiff was damaged. The defendant also set forth a counterclaim in which he alleged that he was the owner of the lands on which the alleged trespass was committed.  The defendant fully set forth the facts showing that the lands in question belonged to him by reason of an established boundary line marked by an old fence line which was put up by the plaintiff between plaintiff's and defendant's lands in dispute.  The defendant prayed judgment that the

Utah 453, 126 Pac. 333; *Christensen* v. *Beutler,* 42 Utah 392, 131 Pac. 666; *Tanner* v. *Stratton,* 44 Utah 253, 139 Pac. 940; *Warren* v. *Mazzuchi,* 45 Utah 612, 148 Pac. 360.

[2] *Leland* v. *Bourne,* 41 Utah 125, 125 Pac. 652; *Spratt* v. *Paulson,* 49 Utah 9, 161 Pac. 1120.

title to the land in dispute be quieted in him, and that he recover damages, etc. The case was tried to the court without a jury. The court, after making the necessary formal findings, found that plaintiff was the owner of the land described in his complaint with the exception of a certain parcel, which is specially described by metes and bounds in the findings, and which parcel the court found belonged to the defendant for the following reasons:

"That the said tract of land so owned by the defendant lies to the west of and adjoining the tract of land owned by the plaintiff, * * * and the east boundary line of defendant's said land is the same as the west boundary line of the plaintiff's said land; and that the boundary line between the premises owned by the plaintiff and used and occupied by him * * * and the said tract of land owned, used, and occupied by this defendant and his predecessors in interest is marked and indicated on the ground by an old fence line and a ditch, * * * which said fence line was established by the predecessors in interest of this defendant and the plaintiff, and was accepted, agreed to, and acquiesced in, as and for the boundary line between the said land of the plaintiff and the said land of the defendant, by the plaintiff and the predecessors in interest of the defendant, for a continuous period of more than twenty-five years prior to the year 1914; * * * and that this defendant and his predecessors' in interest have for a period of more than twenty-five years prior to the commencement of this action claimed, used, and occupied, and this defendant does now claim, use, and occupy the land on the west side of and up to the said old fence line, while the plaintiff for a period of more than twenty-five years prior to the year 1914 has claimed, owned, and used and occupied the land on the east side of and up to the said old fence line, but prior to the year 1914 has not claimed, owned, used, nor occupied the land or any land whatever on the west side of the said old fence line."

The court then found the facts with respect to the alleged acts of trespass in favor of the defendant, and also found, as conclusions of law, that the plaintiff is not entitled to any

relief; that the defendant is entitled to a decree quieting the title to the parcel of land in question in him, and that the old fence line constitutes the boundary line between plaintiff's and defendant's land. The plaintiff appeals, and assails the findings of fact on the ground that they are not supported by the evidence, and further contends that the judgment is contrary to law.

While it is true that the evidence in support of the court's findings is not as strong as it could be, yet there is ample evidence to sustain every material fact found by the court. In fact, in our view, the weight of the evidence is in favor of the court's findings.

There is no dispute that a fence was constructed by the plaintiff at the place where the court fixed the boundary line many years ago. Upon the question of whether that fence was constructed by the plaintiff as the boundary line of his land or not the evidence is in conflict. If the court believed the evidence of the defendant and his witnesses upon that question, which it had the right to do, then again there is ample evidence to sustain the court's findings and to bring this case within the rule laid down by this court respecting boundary lines in the following cases: *Holmes* v. *Judge,* 31 Utah, 269, 87 Pac. 1009; *Moyer* v. *Langton,* 37 Utah, 9, 106 Pac. 509; *Rydalch* v. *Anderson,* 37 Utah, 99, 107 Pac. 25; *Young* v. *Hyland,* 37 Utah, 229, 108 Pac. 1124; *Binford* v. *Eccles,* 41 Utah, 453, 126 Pac. 333; *Christensen* v. *Beutler,* 42 Utah, 392, 131 Pac. 666; *Tanner* v. *Stratton,* 44 Utah, 253, 139 Pac. 940; *Warren* v. *Mazzuchi,* 45 Utah, 612, 148 Pac. 360.

The most that can be said is that in case the record were alone looked to different minds might arrive at different conclusions respecting the ultimate facts. That, however, is one of the prime reasons why we should not interfere with the lower court's findings. That court had the advantage of hearing and seeing the witnesses, and hence could better judge of the weight that should be given to their testimony. The assignment that the findings are not sustained by the evidence, and that the judgment is contrary to law in that regard, can therefore not prevail.

The only other assignment relates to the admission of alleged incompetent evidence introduced on the part of the defendant. While we do not agree with counsel's contention that the evidence was incompetent *(Leland* v. *Bourne,* 41 Utah, 125, 125 Pac. 652), yet if we did agree with him it would not change the result, since the question here raised comes within the rule laid down in *Spratt* v. *Paulson,* 49 Utah, 9, 161 Pac. 1120, where the rule is stated in the first headnote in the following words:

2

> "When a cause is tried by the court without a jury, the judgment will not be reversed for the admission of incompetent evidence if there is sufficient competent evidence to sustain the finding."

The judgment of the lower court should be, and it accordingly is, affirmed, with costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.