## PEEK v. BAILEY et al.

No. 3506.   Decided December 2, 1920.   Rehearing Denied February
11, 1921   (195 Pac. 206.)

1.  APPEAL AND ERROR—CREDIBILITY OF WITNESSES CANNOT BE RE-
    VIEWED.  An action for claim and delivery is tried as a law
    case, and hence the Supreme Court cannot weigh the evidence
    nor pass on the credibility of the witnesses, but can only de-
    termine whether there is substantially competent evidence to
    support the findings of fact and whether the conclusions of
    law are supported by those findings.

2.  APPEAL AND ERROR—RECORD HELD NOT TO SHOW TRIAL JUDGE
    CONSIDERED INCOMPETENT EVIDENCE.  In an action for claim
    and delivery for an automobile, tried to the court, where tes-
    timony by defendant's predecessor in title as to her claim to
    the car adverse to that of plaintiff's intestate was received
    subject to motion to strike, and thereafter the court excluded
    all the testimony of that witness, with the exception of a few
    isolated statements, but the record was not clear as to which
    statements were stricken and which ones were not, or whether
    testimony to which no objection was made was included in
    that stricken, the Supreme Court cannot say that the trial
    judge considered incompetent evidence.

3.  APPEAL AND ERROR—MERE ADMISSION OF INCOMPETENT EVIDENCE
    IN TRIAL TO COURT DOES NOT REQUIRE REVERSAL.  In an action
    tried to the court, the mere admission of incompetent evi-
    dence does not authorize the reversal of the judgment, if
    there is sufficient competent evidence supporting the findings.

Appeal from District Court, Third District, Salt Lake
County; *Wilson McCarthy,* Judge.

Action by John Webb Peek, as administrator of the estate
of E. D. Herman, deceased, against A. Bailey and R. L.
Edwards.  Judgment for defendants, and plaintiff appeals.

1 *Victoria, etc., Co.* v. *Haws,* 7 Utah, 515, 27 Pac. 695; *Bartholo-
mew* v. *Pickett,* 51 Utah, 312, 170 Pac. 65; *Spratt* v. *Paulson,* 49 Utah,
9, 161 Pac. 1120.

AFFIRMED.

*Draper & Wolfe,* of Salt Lake City, for appellant.

FRICK, J.

The plaintiff, hereinafter called appellant, as administrator of the estate of one E. D. Herman, commenced this action in replevin, or in claim and delivery, as it is designated in our statute, against the defendants, Bailey and Edwards, to recover the possession of an automobile. The complaint is in the usual form in such actions, alleging ownership and right of possession in appellant, and further alleging that the defendants were unlawfully in possession of and were wrongfully detaining said automobile from the appellant, etc. The defendants filed a joint answer, in which they denied generally the allegations of the complaint. The defendant Edwards subsequently also filed a separate answer, in which he denied appellant's ownership and right of possession of the automobile, and averred ownership and right of possession thereof in himself, setting forth the facts in detail. Upon these issues the case was tried and submitted to the court without the intervention of a jury. The court found the issues in favor of the defendants, and entered judgment adjudging the defendant Edwards as the owner and entitled to the possession of said automobile, and also entered judgment in favor of both defendants for costs. The appeal is from that judgment.

Before proceeding to a consideration of the appeal it is only fair to counsel who are representing the appellant on this appeal to state that the action was commenced and tried by a certain firm of attorneys; that after judgment was entered another firm of attorneys filed a motion for a new trial; that after that motion was denied a different firm of attorneys still served and filed a notice of appeal; and finally, after the appeal was taken, the present attorneys came into the case and have presented it to this court. We do not make the foregoing observations in the nature of criticism, but merely to

show that four different firms of attorneys have, at different times, independently of one another, represented the appellant, and in view of that fact it is not at all strange that the attorneys who are now representing him, and who had nothing to do with the trial, nor the proceedings in the district court, should, in some particulars, disagree with or view the record in a different light from that in which it was considered by former counsel. In addition to the foregoing, there is no appearance by either of the defendants in this court.

Thirty-four errors are assigned, all of which are argued in the brief. Those assignments cover alleged errors in the admission and exclusion of evidence, and the findings of fact, conclusions of law and judgment, and in overruling the motion for a new trial. We shall not consider those assignments separately.

We remark that claim and delivery cases in this jurisdiction are tried as law cases, and hence this court cannot weigh the evidence nor pass on the credibility of witnesses. All that we can consider is whether there is some substantial competent evidence in support of the findings of fact and whether the conclusions of law are supported by those findings, and, further, whether the court has admitted improper, or has excluded proper, evidence. For the reasons hereinafter appearing, the last two propositions are, however, not of controlling influence in this case.

In view of the assignments that the findings are not supported by any competent evidence, and that the court erred in admitting evidence, we have not confined our investigations to the printed abstract of the evidence filed by counsel, but have carefully read and considered all of the evidence as it is preserved in the original bill of exceptions. Our conclusions are therefore exclusively based upon the evidence and rulings as they appear from the bill of exceptions.

After carefully reading and considering the evidence, we cannot yield assent to the contention of counsel that there is not some competent evidence in support of the findings of fact. Indeed, we are convinced that there is quite as much competent evidence in this record to support the defendants'

claim of ownership and right to possession, as there is in support of appellant's claim in that regard. It is perhaps true that, judging the evidence as it is found in the bill of exceptions alone, as we are necessarily bound to do, and in passing upon the legal objections to the evidence in the light of the bill of exceptions, as regards the whole evidence, we might, perhaps, have arrived at a different conclusion than that arrived at by the trial court. Counsel for appellant, however, frankly concede that, although that may be true, yet that, standing alone, would not authorize us to interfere with the findings of fact. Stating counsel's position in their own language, as found in their brief, it is this:

"Now, of course, we do not claim to be arguing an equity case, and are not calling the court's attention to this evidence, to have it weighed or its credibility tested. Our purpose is to show that, in view of its nature and circumstances, it cannot be said that the trial court would have come to the same conclusion it did, unless it had admitted the other important .testimony which we shall later endeavor to show should have been excluded."

What counsel rely on, therefore, is that the court admitted and considered incompetent evidence which should have been excluded, and, if it had not so admitted and considered such evidence, it would have arrived at a different conclusion. Much time and space is devoted in counsel's brief to show that the evidence objected to is incompetent, and that it was erroneously admitted and considered by the court in favor of the defendants. The evidence excepted to relates to certain statements of a witness who claims to have been the owner of the automobile in question, and from whom the defendants claim title and right to possession. If the automobile in·question in fact and in law belonged to the witness, then the title of the defendants is without flaw. If, however, the witness did not own it, but it was owned by the deceased at the time of his death, as claimed by appellant, then defendants would have had no title, and would not have been entitled to the possession thereof as found by the court.

In this connection it is contended by counsel for appellant that the trial court admitted and considered evidence contrary to the provisions of Comp. Laws Utah 1917, § 7123,

which in effect prohibits the courts from considering the testimony of—.

"a party to a civil action, * * * and any person from * * * whom such party * * * derives * * * title * * * when the adverse party in such action * * * sues * * * as * * * administrator * * * of any deceased person, * * * as to any statement by, or transaction with, such deceased * * * person, or matter of fact, whatever, which must have been equally within the knowledge of both witness and * * * deceased person."

The specific objection is that the witness from whom the defendants derived title was permitted to testify to facts which were "equally within the knowledge of both such witness and the deceased." The record discloses that counsel who tried the case for appellant interposed timely objections to the testimony of the witness. In making his objections, however, we are in doubt as to whether or not counsel did not at times make his objection broader than the statute authorizes. The trial judge was also in doubt respecting that matter, and frankly stated his position to counsel. The judge, however, admitted the evidence from the witness on behalf of the defendants, with the reservation that he afterwards would strike the evidence and would not consider it, if he became convinced that under the statute the evidence should be excluded. At the conclusion of all of the evidence on both sides, counsel for appellant, in pursuance of the judge's statement, interposed a motion to strike practically all of the testimony of the witness. The court then announced that he had already mentally concluded that he would not consider certain statements made by the witness because of their incompetency, and he further excluded all of her testimony with the exception of a few isolated statements.

Counsel now urge that those statements should also have been excluded, and that the court arrived at a wrong conclusion because it did not exclude them. The record, however, also shows that the judge sustained a considerable number of objections interposed by appellant's counsel to the testimony of the witness during the progress of the trial, and that he attempted to eliminate from his mind, if not from the record, all of the statements which he considered objection-

able.  In that regard the record is not entirely satisfactory.
One person reading it might conclude that all of the ojection-
able testimony was excluded, while another might come to a
different conclusion.

Moreover, counsel now representing the appellant insist
that the court erred in considering certain testimony, to
which counsel who tried the case did not object while the wit-
ness testified.  Here, again, the record leaves us in doubt
whether that testimony was or was not excluded in the mo-
tion to strike.  In view, however, that no objection was made
at the time the witness testified, it was a matter entirely with-
in the discretion of the trial court whether he would strike
that testimony or not.  No error, therefore, can be predicated
upon that ruling.

In view, therefore, of the unsatisfactory state of the
record in that regard, and of the presumptions prevail-
ing in favor of the judgment, we feel constrained to
affirm the judgment.

The foregoing conclusion is, however, greatly strengthened
by the circumstance that the rulings we are asked to make
respecting the admissibility of certain testimony under the
statute to which we have referred are of the utmost import-
ance, and should only be attempted in a case where the ques-
tion clearly appears from the record, and where there can be
no doubt respecting the correctness of the ruling when it is
made.  Moreover, in this case the question is presented only
by one side, and we have not the benefit of the arguments of
counsel, nor of the citation of authorities upon the whole
matter.  Under these circumstances it would not only be un-
wise, but might lead to an erroneous result, if we undertook
to finally dispose of the question.

In addition to all the foregoing, and as we have already
pointed out, at least on the face of the record there is quite
as much competent evidence in favor of defendants' claims
as there is of plaintiff's claims.

Then, again, the mere fact that the trial court may have
admitted incompetent evidence, standing alone, does not au-
thorize us to interfere with the findings and judgment.  That

is no longer an open question in this court. This court, in an early case, namely, *Victoria, etc., Co.* v. *Haws,* 7 Utah, 515, 27 Pac. 695, stated the rule in the following language:

"When a judge tries a case without a jury, it is not a reversible error to admit incompetent, irrelevant, or immaterial evidence; for he decides the case on the proper testimony only, and disregards entirely that which is incompetent, irrelevant, and immaterial. When the clear preponderance of competent, relevant, and material evidence supports the findings, this court will not reverse because of errors of the court below in admitting incompetent, irrelevant, or immaterial evidence, for the presumption in such case is that it was wholly disregarded."

That case was followed in *Spratt* v. *Paulson,* 49 Utah, 9, 161 Pac. 1120, in *Bartholomew* v. *Pickett,* 51 Utah, 312, 170 Pac. 65, and in other cases. In 46 American Digest (Century Ed.), under the heading of "Trial," § 895, the doctrine, supported by a great number of decisions, is stated thus:

"When a case is tried by the court without a jury, the judgment will not be reversed on the ground of the admission of immaterial or incompetent evidence, if sufficient proper evidence was admitted to sustain the findings."

As we have seen, such is the case here. While it is true that the evidence is inconclusive and unsatisfactory in some respects, yet trial courts must at times base their findings and conclusions upon mere probabilities. They are required to decide doubtful cases precisely as they are required to decide those that may be free from doubt. In interfering in close or doubtful cases, while we might blindly arrive at a correct result in one case, we might just as blindly interfere with a correct result in another case. The law, therefore, which prevents us from interfering with the findings in law cases, where there is some substantial evidence supporting the findings, is based upon sound reason and should be upheld.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed at appellant's costs.

CORFMAN, C. J., and WEBER, GIDEON, and THURMAN, JJ., concur.