CHRISTENSEN et al. v. JOHNSON.

No. 5685.   Decided October 23, 1936.   (61 P. [2d] 597.)

*Paul E. Reimann, Clarence F. Williams, Richard S. Johnson,* and *LeGrande A. Carlston,* all of Salt Lake City, for appellant.

*Grant H. Bagley,* of Salt Lake City, for respondents.

ELIAS HANSEN, Chief Justice.

This action was originally commenced in the city court of Salt Lake City, Utah. A trial in that court resulted in a judgment in favor of plaintiffs and against defendant in the sum of $290, together with interest thereon and costs. Defendant appealed from the city court judgment to the district court of Salt Lake county, Utah. After a trial was had in the latter court a similar judgment was rendered. Defendant prosecutes this appeal from

the district court judgment. The action is for services alleged to have been rendered by plaintiffs to the defendant in examining, auditing, and furnishing reports of the financial condition of the New Quincy Mining Company, and for attending meetings of the stockholders thereof. In his answer defendant denied plaintiffs rendered any service for him at his request, or at all. Defendant also filed a counterclaim in the cause in which he sought to recover a judgment against plaintiffs for the rental of a room in his office for a period of twelve months at $10 per month. The district court as well as the city court found that plaintiffs were entitled to recover from the defendant $300 for services rendered, and the defendant was entitled to recover $10 for the use made by plaintiffs of his office for one month. Judgment was rendered accordingly. In both the city court and the district court the cause was tried to the court sitting without a jury. Defendant has assigned numerous errors on this appeal. He contends that the district court erred in failing to sustain his demurrer to plaintiff's complaint on the ground, "That said plaintiffs have not the legal capacity to sue, in that plaintiffs allege they are a co-partnership doing business under an assumed name, and said plaintiffs fail to allege they are licensed or qualified to engage in business under such name or any other name." In support of that contention, reliance is had upon the provisions of R. S. Utah 1933, 58-2-1 and 58-2-4. The provisions relied upon provide that:

58-2-1.

"No person or persons shall carry on or conduct or transact business in this state under an assumed name, or under any designation, name or style, corporate, partnership or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the county clerk of the county in which the principal place of business is, or is to be, located, an affidavit setting forth the name under which such business, is or is to be, conducted or transacted, and the true full name or names of the person or persons owning, conducting or transacting the same, the location of the principal place of

business, with the postoffice address or addresses of such person or persons. Such affidavit shall be executed by the person or persons so conducting or intending to conduct such business."

58-2-4.

"Any person who fails to comply with the provisions of this chapter is guilty of a misdemeanor."

Plaintiffs allege in their complaint that at all times therein mentioned they "were co-partners engaged in business under the name of S. E. Sudbury & Company." There is no allegation that they had filed the affidavit provided for by 58-2-1, supra. Defendant's demurrer to the complaint upon the ground heretofore indicated in this opinion was filed in the city court and by that court overruled. When the cause was appealed to the district court, nothing whatever was said about the demurrer. So far as is made to appear, the district court was not asked to and it did not pass upon the demurrer. When an appeal is taken to this court from a judgment rendered by a district court, we review only the claimed errors of the district court. The proceedings had before the city court are not before us for review on appeal taken from the judgment rendered by the district court. We may not on an appeal from a district court judgment review rulings made by the city court when the district court was not requested to and did not pass upon such rulings. To hold otherwise would be to review proceedings which are not before us for review. By failing to request the district court to rule upon his demurrer, defendant waived his claim that plaintiffs are without capacity to sue. Another of appellant's assignments of error must fail for the same reason. In the city court, defendant timely demanded that plaintiffs furnish a bill of particulars. A bill of particulars was furnished. Thereupon defendant objected to the bill and demanded that it be made more certain and definite. The record is silent, however, as to what was done by the city court with respect to the demand that the bill of particulars be made more certain and definite. No attack whatever was made upon the sufficiency of the bill

of particulars in the district court and no objection was made in the district court to the introduction of evidence upon the ground that the items sought to be proved were not specified in the bill of particulars furnished in pursuance to the demand made in the city court. Under such a state of facts, the sufficiency of the bill of particulars is not before us for review.

It is also urged that defendant was entitled to judgment for the full amount of rental demanded in his counterclaim because while plaintiffs in their reply denied liability for rental, such reply was not verified. No question was raised in the court below touching the failure of the plaintiffs to verify their reply. The case was tried and disposed of on merits as though the reply had been verified. In such case defendant may not in this court take advantage of the fact that the reply was not verified. By this failure to raise that question in the court below he has waived such defect. Had the objection been raised in the trial court that court may well have permitted plaintiffs to verify their reply. 49 C. J. 824, § 1222; 49 C. J. 485. The law announced by this court in the case of *West Mountain Lime & Stone Co.* v. *Danley*, 38 Utah 218, 111 P. 647, is in accord with what is said in the foregoing references in Corpus Juris. Appellant claims that there is a material variance between the allegations of the complaint and the proofs adduced in support thereof. It is alleged in the complaint:

"That between the 9th day of April, 1932, and the 14th day of March, 1933, plaintiffs performed professional services for said defendant at his special instance and request, which said services consisted of examining, auditing and furnishing reports of the financial condition of certain companies in which the defendant was interested as a stockholder and also attending meetings and conferences with various persons to ascertain and determine the condition of the affairs of said companies in which said defendant was interested; that said services were of the fair and reasonable value of $300.00, which sum defendant agreed to pay for said services upon completion thereof."

Plaintiff S. E. Sudbury testified in substance that he and plaintiff were copartners engaged in auditing books and accounts; that he was requested by the defendant to make an investigation of the financial affairs of the New Quincy Mining Company, and particularly with respect to assessments levied on the capital stock of the company, and as to whether or not one A. L. Hurley had paid the assessments levied against his stock; that plaintiff was informed by defendant that the latter was a stockholder of the New Quincy Mining Company; that defendant wanted the information for use in some litigation which he contemplated bringing against the company and its officers; that pursuant to such request plaintiff S. E. Sudbury worked on the books and records of the New Quincy Mining Company for a period of 8½ days of 7 hours per day, and also attended 7 or 8 meetings of the stockholders of the company which consumed a total time of 3½ days; that the reasonable value of such service was $25 per day; that he made a typewritten report of the results of his investigation and delivered the same to the defendant; that he presented bills to the defendant in the total sum of $300 for his services and defendant stated that there was no objection to the amount of the bills and that he would pay the same as soon as he could get the money, but notwithstanding demand has been made that defendant pay for the services so rendered, he has refused and still refuses to pay the same or any part thereof.

As we understand appellant, he claims that there is a material variance between the allegations of the complaint and the evidence given in support thereof in that (1) the complaint is founded upon an express contract while plaintiffs' evidence at most merely tends to support a cause of action based upon the doctrine of quantum meruit, and (2) that the complaint proceeds upon the theory that the arrangement for the services sued for were had with and were performed by the copartnership while the evidence shows that the arrangements for the services in question

were had solely with plaintiff S. E. Sudbury, and he alone performed such services. Neither of such contentions can be successfully maintained. It will be observed that it is alleged in the complaint that the services were rendered at the special instance and request of the defendant and that the fair and reasonable value thereof is $300. Such allegations state a cause of action without the allegation that defendant promised to pay for the services. Moreover, there is evidence that after the services were rendered the defendant agreed to pay therefor the sum of $300. Defendant testified that he did not know plaintiffs were copartners at the time arrangements were made for Mr. Sudbury to examine into the financial affairs of the New Quincy Mining Company. Contrary to defendant's contention, his ignorance of the fact that plaintiffs were copartners at the time in question does not entitle him to escape liability to the plaintiffs for services rendered by one of the partners. Plaintiffs offered in evidence a typewritten report prepared by Mr. Sudbury of the financial affairs of the New Quincy Mining Company. Attached to the report was a letter signed, "S. E. Sudbury & Company by S. E. Sudbury." The letter was directed to "Messrs. M. B. Johnson, J. B. Arnovitz, Sam Glazier and Nick Floor, Salt Lake City, Utah. Gentlemen." Over objection of defendant, Mr. Sudbury was permitted to testify that he directed the letter to the four persons at the request of the defendant. Complaint is made of that ruling. It is contended that such testimony offends against the rule that the terms of a written instrument may not be varied by parol testimony. The evidence objected to does not fall within the rule. The letter is not and does not purport to be any part of the contract of employment of the plaintiffs by defendant. It was written after the services were performed. On its face the letter has some evidentiary value as tending to establish an admission by Sudbury that the contract of employment was had, as claimed by defendant, with him and the three other persons named in the letter. The weight to be given an admission, whether oral

or written, depends in great part on the circumstances under which it was made. No error was committed in admitting the testimony of Mr. Sudbury to the effect that he directed the letter to be written in the form it was written at the request of the defendant.

Complaint is also made because the trial court, over objection of defendant, admitted in evidence a typewritten proxy whereby the defendant appointed as his agents and attorneys, J. B. Arnovitz, Nick Floor, and plaintiff S. E. Sudbury. The proxy authorized the above-mentioned persons or any one of them to vote 240 shares of stock in the New Quincy Mining Company at a stockholders' meeting to be held on January 24, 1933. It was made to appear that the articles of incorporation of the New Quincy Mining Company require that a proxy to vote shares of stock must be filed with the secretary of the company before the holder of the proxy may vote. The proxy received in evidence does not show that it was filed with the secretary of the company. It is urged by defendant that the proxy should not have been received in evidence because it was not shown to have been so filed. Independent of whether the proxy was or was not filed with the secretary of the New Quincy Mining Company, it had some evidentiary value tending to corroborate the testimony of Mr. Sudbury that he, under his employment, was to attend stockholders' meetings. Other errors are assigned because of the admission of evidence over the objection of defendant. We have examined such assignments but do not deem them of sufficient importance to warrant discussion. When a cause is tried before a court, as was this cause, an appellate court is not prone to reverse the judgment because evidence was improperly admitted. In such case the presumption is indulged that the trial court disregarded the evidence which was improperly received in reaching its conclusions. *Victoria Copper Mining Co.* v. *Haws*, 7 Utah 515, 27 P. 695; *Spratt* v. *Paulson*, 49 Utah 9, 161 P. 1120; *Utah State Building & Loan Ass'n* v. *Perkins*, 53 Utah 474, 173

P. 950; *Matson* v. *Matson*, 56 Utah 394, 190 P. 943; *Peek* v. *Bailey*, 57 Utah 546, 196 P. 206. Independent of the evidence which defendant claims was improperly received, there was competent and substantial evidence offered and received in support of the findings made by the trial court. This being an action at law, we are bound by such findings.

Appellant also complains because the court below refused to admit in evidence a city directory of Salt Lake City. The directory was offered in evidence in support of defendant's counterclaim. The trial court did not rule on the question of its admissibility. He stated that he would take the question under advisement. So far as appears from the record before us, no ruling was made. The directory is made a part of the record on appeal. The directory shows that the address and telephone number of plaintiffs' place of business was the same as the telephone number and address of defendant's place of business. It also appears that on a number of pages of the directory, on the margin thereof, appears "S. E. Sudbury and Company, Accountants and Auditors, Income Tax Consultants, 311 Mc-Cornick Bldg., phone Wasatch 2919." Appellant contends that the directory, if received in evidence, would tend to show that plaintiffs occupied a part of defendant's office for a longer period than one month, which was the period for which the trial court found plaintiffs should pay rent to defendant. No evidence was offered which showed that plaintiffs, or either of them, authorized the publishers of the directory to place their names, telephone number, etc., in the directory, or on the margin of a number of pages thereof. On the contrary, Mr. Sudbury testified that his uncle was in charge of the publication of the directory; that the uncle had theretofore published advertisements for plaintiff in the directory without making charges therefor; that the matters contained in the directory were placed therein without his (Sudbury's) knowledge or consent. If the trial court believed the testimony of Mr. Sudbury in such

respect as it had the right to do, it may not be said that it was error to refuse to admit the city directory in evidence. The other errors assigned by appellant have been examined. They are so lacking in substance that no useful purpose would be served in a discussion thereof.

Finding no error prejudicial to the rights of the defendant, it follows that the judgment appealed from should be affirmed. Such is the order. Respondents are awarded their costs.

FOLLAND, EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.