## No. 17,785.

CHARLES CARTER AS CARTER'S PLUMBING SERVICE *v*. NOR-
MAN THOMPKINS AS NORTH PARK BUILDERS SUPPLY.

(294 P. [2d] 265)

Decided February 27, 1956.

Mr. Kenneth H. Gross, for plaintiff in error.

Mr. John A. Price, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties to this suit occupied the same relative positions in the trial court as here, and we will refer to them respectively as plaintiff and defendant. The review is directed to a judgment of the trial court entered on defendant's motion for summary judgment in its favor.

Plaintiff's second amended complaint alleged that in June, 1952, plaintiff at the request of defendant submitted a bid to provide and install certain plumbing fixtures, also a furnace, stoker, ducts, etc., in a residence which defendant as a general contractor was erecting for one Blevins. That the agreed contract price for the materials and labor was $2,750; plaintiff alleged the completion of the work and that Blevins had paid defendant for all thereof; plaintiff admitted that he had been paid $1,500 on account of the contract and asked for judgment against defendant in the sum of $1,250. In a second claim against defendant, plaintiff adopted the allegations of his first claim and alleged that defendant owed him $1,250 "money had and received from Blevins to be paid by defendant to plaintiff." A third claim embodied the allegations of the first claim and alleged that defendant "owes plaintiff for labor done and materials furnished, and that the reasonable value of said labor performed and materials furnished is two thousand seven hundred fifty dollars." Plaintiff further alleged that he had been paid $1,250 on account of said claim.

By answer, defendant alleged that plaintiff was not, during the time the contract is alleged to have been performed, qualified to engage in the "business, trade or calling either of a journeyman plumber or of a master plumber as required by law and statute of the State of Colo." As an additional defense defendant alleged that plaintiff had not completed his contract, and denied any liability to plaintiff. He alleged the same defenses to the second and third claims of plaintiff, and filed a counterclaim in which he set forth the contract with plaintiff; alleged that plaintiff refused to complete it, and that defendant was required to expend $982.50 for labor, together with the further sum of $366 for "materials and other expenses to complete" the contract. A second claim under the counterclaim alleged plaintiff was indebted to defendant for "goods sold and delivered" in the sum of $135.94. He prayed for a judgment for these amounts "less $1,250 not paid under the contract here concerned, making a total sum of $234.44 plus interest."

To the counterclaim plaintiff filed a "Reply" in which he denied the affirmative allegations of the counterclaim and filed an additional counterclaim alleging that defendant was indebted to plaintiff "for goods sold and delivered in the sum of Seventy-four and 20/100 Dollars."

On June 14, 1955, defendant moved the court for summary judgment in his favor pursuant to the provisions of R.C.P. Colo. 56 (b) and (c), basing the motion on plaintiff's admission at a pretrial conference that plaintiff did not have a plumber's license, or a temporary permit to so engage.

The trial court sustained the motion for summary judgment and dismissed plaintiff's complaint, together with defendant's first claim under his counterclaim. It was admitted at the pre-trial conference that the counterclaim contained in plaintiff's "Reply" to counterclaim is good, and that the second claim of defendant's counterclaim is good. The court on the other issues thereupon entered judgment in favor of plaintiff and against defend-

ant in the sum of $74.20 and judgment in favor of defendant and against plaintiff in the sum of $135.94.

It is here contended by counsel for plaintiff that the contract in question is severable and that it was not illegal for plaintiff to furnish materials, hence plaintiff was entitled to judgment for the materials furnished under one or the other of the three claims set forth in the amended complaint.

In *Parrish v. DeRemer,* 117 Colo. 256, 187 P. (2d) 597, we said: "On the hearing of a motion for summary judgment, the material allegations of the complaint must be accepted as true, even in the face of denials in the answer, unless the depositions and admissions on file, together with the affidavits, clearly disclose that there is no genuine issue as to any material fact, and that, as a matter of law, the summary judgment should be entered."

The amended complaint, together with defendant's answer and counterclaim, disclose without question that at defendant's request, plaintiff furnished plumbing fixtures, together with pipe, furnace, stoker, flues, ducts, etc., which were installed in the Blevins' residence, being constructed by defendant as a general contractor. The summary judgment was entered because plaintiff did not have a plumber's license pursuant to C.R.S. '53, 107-1-9.

Contracts for services by one who is required by statute to have a license to engage in the particular profession, trade, or calling, and who does not have such a license are generally unenforcible. *Benham v. Heyde,* 122 Colo. 233, 221 P. (2d) 1078.

Plaintiff did not need a license from any authority to furnish and install the furnace, stoker, pipes and ducts incident thereto; nor do we find statutory authority requiring plaintiff to hold a plumber's license to enable him to furnish and sell defendant the plumbing fixtures which it is alleged he did furnish for the Blevins job. The contract in the instant case was not in dispute, and its terms are admitted. The trial court held the con-

tract was void and could not be enforced in any particular.

We choose to follow the rule laid down in *Lund v. Bruflat,* 159 Wash. 89, 292 Pac. 112. There, as here, an unlicensed plumber sought to recover from a property owner for plumbing supplies and labor performed in connection with the installation thereof. There the trial court found plaintiff had furnished materials of the reasonable value of $687.92. "This sum represents materials entering into the building of which the appellants received the benefit, and is clearly severable from the illegal contract for plumbing services." An amount awarded for plumbing services was disapproved by the Supreme Court of Washington.

Obviously the installation of the furnace and its appurtenances did not require the services of a licensed plumber, hence plaintiff was entitled to recover for these items, provided, of course, that he has not been paid therefor.

Certain portions of this contract being in contravention of the statute are unenforceable, but as to those portions not in violation of the licensing statute, the contract is severable and plaintiff may recover any unpaid balance due him for the materials furnished and labor performed not requiring the services of a licensed plumber. It would do violence to the letter and spirit of the law to hold otherwise. It may be that the actual plumbing work involved was done by a licensed plumber under contract with plaintiff, so the licensed plumber could recover from plaintiff for his services, notwithstanding the terms of the contract between plaintiff and defendant in this action. *Dow v. United States,* (Tenth Cir.) 154 Fed. 2d 707. *Benham v. Heyde,* supra.

The contract here is severable since plaintiff was furnishing and selling to defendant plumbing and furnace equipment and there being nothing about such transaction violative of any statutory enactment, we think plaintiff was entitled to recover for the materials

furnished by him and for installing the furnace. The allegations of plaintiff's amended complaint include the claim that defendant has collected from Blevins the cost of the materials furnished by plaintiff. To preclude a trial of the claims involving the plumbing and furnace materials, and the services for installing the furnace, might result in an unjust enrichment of defendant at the expense of plaintiff.

The contract being severable, as we hold, there are issues in the case which necessitate a trial, and the trial court was in error in sustaining the motion for summary judgment. The cause is remanded with directions to vacate the summary judgment order and to proceed to a trial of the issues, consistent with this opinion.

Judgment reversed and cause remanded.