John OAKASON and Thomas N. Degles, d/b/a Western States Map Company, Plaintiffs,

v.

LISBON VALLEY URANIUM COMPANY, a corporation, Defendant.

No. C-196-56.

United States District Court
D. Utah, Central Division.

Aug. 19, 1957.

Richard T. Cardall, Salt Lake City, Utah, for plaintiffs.

Wilford M. Burton (of McKay, Burton, McMillan & Richards), Salt Lake City, Utah, for defendant.

CHRISTENSON, District Judge.

In April, 1955 the plaintiffs, doing business as Western States Map Company, entered into an oral contract with the predecessor in interest of defendant (the obligations of which defendant has assumed) for the surveying of 1,200 uranium mining claims. They theretofore had done land surveying for others and to an extent held themselves out to the public as being engaged in the practice of land surveying. They had not filed an affidavit of doing business under an assumed name since the business had become a joint one, but one of the plaintiffs, when he was sole proprietor, had filed such affidavit pursuant to Sections 42-2-1, 42-2-4, Utah Code Annotated 1953.

The surveying contract contemplated the services of the plaintiffs as surveyors. The field work and most of the mapping work were done by plaintiffs, except that plaintiffs employed a licensed surveyor for a period of two weeks during which he did the field work on a portion of the claims and except that licensed surveyors checked over the field notes presented by the plaintiffs and certified to their belief in the correctness of the final maps prepared by the plaintiffs. There is evi-

dence tending to show that this is a practice common between licensed and unlicensed surveyors or engineers.

These are the broad facts established by the stipulation of facts and the depositions before the Court, viewed in the light most favorable to the plaintiffs, as I must regard them in passing upon the defendant's motion for summary judgment. Since it is believed that the defendant's motion must be granted, it is unnecessary to specifically discuss the plaintiffs' motion for summary judgment. The latter is denied by reason of principles also dispositive of defendant's motion and referred to hereafter.

■ Two questions are presented: (1) Under the laws of Utah and in view of the circumstances shown by the record herein, can unlicensed surveyors, whose work, maps and plats are certified by licensed surveyors, recover their contracted or reasonable surveying fees. (2) May an action in contract be prosecuted under an assumed name by two individuals, only one of whom has registered under the Utah assumed name statute.

Even assuming that there was not substantial compliance with the assumed name statute,[1] I do not believe that recovery here should be precluded if the plaintiffs were otherwise entitled to judgment. Apparently the Supreme Court of the State of Utah has not decided this question.[2] The weight of authority, however, sustains the validity of contracts and transactions entered into without compliance with similar statutes.[3] This Utah statute seems primarily one for the convenience of the public, and those dealing with partnerships and other unincorporated associations.

■ Such is not the case with regard to statutes requiring the licensing of surveyors, engineers or other professionals.[4] Both the weight of authority elsewhere and the rule in Utah indicate that such statutes are for the purpose of protecting the public and that non-compliance is fatal to a claim for services which are contracted for or furnished in violation of them.[5]

■ Services performed in violation of law seem to be on par with services contracted in violation of law. Thus, in Smith v. American Packing & Provision Co., supra, reference is made to the time services are performed as a determinative factor, while in the case of Olsen v. Reese, 114 Utah 411, 200 P.2d 733, the Court indicated that the existence of the license at the time the work was performed would not permit a recovery if there were disqualifications when the contract was signed.

■ Plaintiffs' contention that their action in employing a licensed surveyor for a portion of the work validated the

1. Sections 42–2–1, 42–2–4, Utah Code Annotated 1953.

2. Christenson v. Johnson, 90 Utah 273, 61 P.2d 597, where the point was expressly reserved.

3. 38 Am.Jur. 601 et seq., §§ 13–26.

4. Section 58–1–38, Utah Code Annotated 1953, is as follows:
   "Unauthorized practice or business, unlawful.—It shall be unlawful for any person to practice or engage in or attempt to practice or engage in any profession, trade or occupation that may be subject to the department of registration without authority so to do as in this title provided; or to employ any other person who may be without such authority to practice or engage in any such profession, trade or occupation; or to falsely advertise or represent himself as so authorized; or, unless the same is authorized as in this title provided, to establish, maintain or operate or to assist in the maintenance or operation of any place of business, shop, office or school which may be subject to the department of registration; or to permit his authority to practice or engage in any such profession, trade or occupation to be used by another as authority of the user."
   Section 58–1–39, Utah Code Annotated 1953, is as follows:
   "Penalty—Omnibus provision.—Any person violating any of the provisions of this title is guilty of a misdemeanor, unless such violation is specifically declared to be a felony."

5. Smith v. American Packing & Provision Co., 102 Utah 351, 130 P.2d 951; Dow v. United States, 10 Cir., 1946, 154 F.2d 707.

694

contract cannot be sustained. If the validity of the contract at the time it was entered into were not a sufficient refutation, an examination of the particular facts would still deny recovery. The undisputed record demonstrates that the licensed surveyor was not acting for, or under, the defendant or its predecessor but was assisting the plaintiffs in the performance of a contract which they had no right to perform. Golding v. Schubach Optical Co., 93 Utah 32, 70 P.2d 871, is relied upon to show that an unlicensed person who hires a licensed professional to do work at his place of business at a salary is not thereby engaging in an illegal practice. This case, because of the difference between the statutes and the principles involved, is believed to have no application to the present problem.[6] In Eklund v. Elwell, 116 Utah 521, 211 P.2d 849, 850, the Utah court stated:

"Plaintiff contends that Empey as his agent has a license, but, under plaintiff's theory, Empey was not the responsible party, the contractor; and such fact, if true, would not relieve the contractor from the requirements of the statute."

After the contract was entered into, new provisions relating to engineers and land surveyors were adopted by the 1955 Legislature.[7] It is argued by counsel for plaintiffs that these new provisions, emphasizing as they do a distinction between a registered engineer and a registered land surveyor and requiring practical experience in land surveying work before a land surveyor may be licensed, indicate a relaxation of the rule prohibiting the practice of land surveying without a license. The statute is believed

not susceptible of the construction claimed. There is nothing in the amendment which indicates that the practical experience contemplated should be in contracting or engaging in the business of a surveyor as distinguished from doing surveying work under the direction, and as a part of the business, of a licensed surveyor. Moreover, there is substantial authority to the effect that repeal or modification of a prohibiting statute does not validate a contract illegal when entered into.[8] Plaintiffs call attention to Section 58–22–20 of the 1955 amendment,[9] and urge on the basis of this and related provisions that certification of plaintiffs' map by registered engineers permits a recovery by the plaintiff co-partnership. One difficulty with plaintiffs' position is that the certifying surveyors were in no sense members of plaintiffs' partnership. A more conclusive circumstance is that the practice of surveying in which plaintiffs engaged did not consist so much in the submission of the certified maps as it did in holding out the plaintiffs to the public and to the defendant's predecessor as engineers or surveyors qualified to do the surveying of the mining claims and to enter into the contract for such surveying, and in contracting for and in carrying on of such surveying in the field without the statutory qualifications. It did not aid plaintiffs to have the final product of their illegal contract and practice certified by qualified engineers when under no construction was the contract entered into or the work done by or under the supervision of a qualified engineer, whether as partner or otherwise.

It is suggested in the case of Carter v. Thompkins, 133 Colo. 279, 294 P.2d 265,

6. See also Joseph v. Drew, 36 Cal.2d 575, 225 P.2d 504.

7. Ch. 118, Laws of Utah 1955, § 58–22–1, 1955 Pocket Supplement, Utah Code Annotated 1953.

8. 12 Am.Jur. 660, § 165; A.L.I. Restatement, 2 Contracts 1128, § 609.

9. " * * * no firm, co-partnership, corporation or joint stock association shall

bring or maintain any action in the courts of this state for endorsement of any contract or the recovery of any sums due in connection with the practice of engineering or land surveying, in this state as defined herein, without alleging and proving that such practice was carried on by professional engineers or land surveyors respectively authorized to practice under the provisions of this act."

that where provisions of a contract are severable and certain work is done or materials furnished without violating licensing requirements, recovery may be had on a quantum meruit basis for such severable portion of the work. Plaintiffs have not urged this narrower basis of recovery, but in view of the natural aversion of courts toward any unjust enrichment, consideration has been given to it. I have concluded, however, that in this case the contract is not severable and that any services or materials furnished by plaintiffs in connection with surveying, camp cooking, transportation, mapping, or otherwise, were inextricably a part of the illegal contract for surveying, without which they would not have significance or support. Possible equitable considerations are not controlling in the face of the statute.[10]

If the plain import of the statute can be avoided by the submission of the work products of unlicensed engineers to licensed engineers for checking, approval or certification, or by the employment of a licensed surveyor to perform for the disqualified persons a small part of the contract they illegally entered into, a pattern would be established for the complete circumvention of the law. Licensed engineers affixing their signatures to maps or otherwise approving or participating in the unauthorized practice of surveying, for whatever reasons and by whatever standards they might determine, then, in effect, would be granting licenses instead of the state agency specified in the statute.

Defendant's motion for a summary judgment is granted and the clerk is directed to enter judgment in favor of the defendant and against the plaintiffs, "No cause of action." Costs will not be assessed in favor of the defendant since it appears that it already has received at least some benefit from plaintiffs' work of which the law precludes notice otherwise.

10. Northen v. Elledge, 72 Ariz. 166, 232 P.2d 111.