533 P.2d 58 (1975)
Helen GOODFELLOW, Plaintiff-Appellant,
v.
Helen KATTNIG and John Kattnig, Defendants-Appellees.
No. 74-273.
Colorado Court of Appeals, Div. I.
February 4, 1975.
Rehearing Denied February 25, 1975.
Certiorari Denied April 7, 1975.
*59 Maurice R. Franks, Silver Cliff, for plaintiff-appellant.
No appearance for defendants-appellees.
Not Selected for Official Publication.
STERNBERG, Judge.
Plaintiff, who has neither a real estate broker's nor salesman's license, sued defendants, alleging that she had found them a buyer for their property, and was therefore entitled to compensation. Trial was to a jury, but, at the end of plaintiff's case, the court granted defendants' motion to dismiss. We modify the judgment as to costs only and affirm as modified.
The relevant facts, considered as they must be in the light most favorable to the plaintiff, Skeens v. Kroh, 30 Colo.App. 88, 489 P.2d 347, are these: The defendants owned a ranch of about 398 acres in Custer County. Plaintiff was employed as a secretary by a real estate developer in that area. In September of 1971, the defendants inquired of plaintiff whether her employer would be interested in purchasing their property. When she related her employer's lack of interest in the proposal, defendants asked plaintiff to assist them in finding a buyer. She told them that she did not have a license to sell real estate, but defendants stated that they would handle the paperwork and financial arrangements, leaving her the task of finding a buyer for which they would pay a 6% commission upon sale of the property. There was no discussion regarding reimbursement for expenses, but plaintiff offered evidence of the expenditure of $1,300 for expenses relative to the eventually successful efforts to find a buyer for defendants' land.
It is not necessary for us to determine whether plaintiff's evidence of compliance with the terms of the alleged contract should have gone to the jury, since § 12-61-102, C.R.S.1973, (1969 Perm.Supp., C.R.S.1963, 117-1-1) provides that a person engaging in a real estate transaction on behalf of another must be licensed. Since plaintiff was not licensed, the agreement between the parties constitutes an illegal contract, Reed v. Bailey, Colo.App., 524 P.2d 80, and neither party may seek judicial assistance to enforce it. See Godding v. Hall, 56 Colo. 579, 140 P. 165.
*60 Plaintiff urges that she should be entitled to recover for the reasonable value of her services. We do not agree. Compensation for services is not recoverable where the subject transaction is forbidden by law. See Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078.
Plaintiff contends that since recovery for out-of-pocket expenses for materials was allowed an unlicensed plumber in Carter v. Thompkins, 133 Colo. 279, 294 P.2d 265, the court should have submitted the factual issues to the jury on her quasicontractual claim for out-of-pocket expenses. We disagree. In Carter, recovery was allowed for those items for which a license was not required. Here, all of the claimed expenses related to plaintiff's efforts to sell real estate. Any contract that might be implied in this regard is derivative of the basic agreement between the parties and thus unenforceable. See Reed v. Bailey, and Godding v. Hall, supra.
Plaintiff also alleges that the trial court erred in taking the claim for relief based upon fraud from the jury. In dismissing that claim, the court stated that the plaintiff "failed to establish fraud on the part of the Defendants by the burden required of the Plaintiff, that of clear and convincing proof." Section 13-25-127, C.R.S.1973 (1971 Perm.Supp., C.R.S.1963, 52-1-28) provides for a single burden of proof in all civil actions, that of proof by a preponderance of the evidence, and thus, the court's statement was incorrect. However, since the plaintiff had failed to produce any evidence as to some of the necessary elements of a fraud action, the erroneous statement constitutes harmless error and, therefore, is not cause for reversal. See C.R.C.P. 61.
Plaintiff's final contention is that the trial court erroneously awarded costs for the price of a copy of plaintiff's deposition, purchased by defendants in preparation for trial. We agree. "[E]xpenses of taking depositions normally are not allowed as an item of costs." Brakhage v. Georgetown Associates, Inc., 33 Colo.App. 385, 523 P.2d 145; see Morris v. Redak, 124 Colo. 27, 234 P.2d 908.
Plaintiff's other contentions have been considered, but are without merit. The judgment is modified by deleting deposition costs, and as modified is affirmed.
COYTE and RULAND, JJ., concur.