## MALOUF v. FISCHER et al.

No. 6773. Decided June 12, 1945. (159 P. 2d 881.)

See 22 C. J. S., Adverse Possession, sec. 172; Adverse possession due to ignorance and mistake as to boundaries, note, 97 A. L. R., 14. See, also, 1 Am. Jur., 916.

*Moyle, Richards & McKay, S. N. Cornwall,* and *Moyle, McKay, Burton & White,* all of Salt Lake City, for appellant.

*Harley W. Gustin,* of Salt Lake City, for respondents.

TURNER, Justice.

Plaintiff brought this suit to quiet title to a parcel of land in Lot 3, Block 50, Plat "A", Salt Lake City Survey. Block 50 described is bounded by West Temple and 1st West and by 3rd South and 4th South Streets in Salt Lake City. Much was said during the trial and in the argument about there

being no tie in the description of the properties involved to a Government corner. The block was platted and the plat approved and accepted by the City Council and recorded February 21, 1889. We see no necessity to discuss this situation.

Defendant Catherine W. Fischer is conceded in the record to be the present owner of the parcel soon to be described which adjoins plaintiff's land. None of the other defendants named are interested, except that the Magna-Garfield Truck Lines is a tenant of Catherine W. Fischer. Further reference to "the defendant" will mean Catherine W. Fischer as legal owner.

The common predecessor in interest of both plaintiff and defendant acquired title to the whole of Lot 3, Block 50, Plat "A", Salt Lake City Survey, in April, 1873. In 1890 he divided the lot by a conveyance of the tract now owned by defendant which adjoins and fits into the southwest corner of the tract owned by plaintiff. Ever since that time in all recorded transactions, plaintiff's parcel has been substantially described as follows:

Commencing at the Northeast Corner of Lot 3, Block 50, Plat "A", Salt Lake City Survey, and running thence West 108 feet; thence South ¾ feet; thence West 4½ feet; thence South 9 rods 15¾ feet; thence East 46½ feet; thence South 10 rods; thence East 4 rods; thence North 20 rods to the place of beginning.

Likewise, since 1890 the parcel now owned by defendant in all recorded transactions, including tax sales and redemptions, has been substantially described as follows:

Commencing 3 rods 3 feet East from the Southwest Corner of Lot 3, Block 50, Plat "A", Salt Lake City Survey, and running thence East 46½ feet; thence North 10 rods; thence West 46½ feet; thence South 10 rods to the place of beginning.

A map of a survey of the adjoining properties caused to be made by plaintiff and introduced in evidence as Exhibit "A" is here reproduced for the convenience of the reader:

EXHIBIT A

The Tyng Investment Company, a predecessor in interest of defendant, in 1913 or 1914 built upon defendant's property a one-story, substantial brick building. This building has since stood and continues to stand exactly as erected. The map and survey above reproduced shows that the building at defendant's east property line overlaps and encroaches upon plaintiff's property along a strip 2.08 feet wide at the southeast corner of the building on 4th South Street extending North 0 deg. 17 min. East a distance of 62.3 feet to a width of 2.13 feet at the northeast corner of the building. This strip, occupied by defendant's building, is the only property about which there is a question in this case.

As stated, plaintiff brought this suit to quiet title to his property in the description hereinabove given, which includes that portion occupied inadvertently and through mistake or improper survey by the brick building for more than thirty years. Defendant answered and counterclaimed asking that title be quieted in her to her parcel of land including the strip occupied by the building and extending the east line of her property northerly from the northeast corner of the building a distance of 103.7 feet to the north line of her property, thus attempting to acquire title to a strip of plaintiff's land approximately two feet wide and ten rods long. This is made clear by the map above printed.

In its findings, conclusions and judgment, the trial court finds the issues in favor of defendant on her counterclaim and against the plaintiff on his complaint, and determines that the east boundry line of defendant's property

"for more than twenty years last past has been and still is fixed, established and located by the east face of the east wall of a brick building, the southeast corner thereof being located 64 feet west of the southeast corner of Lot 3 * * * and the east face of the said wall running thence north 0 degrees 17 minutes east 62.30 feet to the northeast corner of said building and thence northerly along the west line of an alleyway 102.70 feet and which boundary line has for all of said time been recognized, acquiesced in and agreed to by the plaintiff and his predecessors in interest and others occupying, holding or owning the adjoining property on the east as the east line of

the property held, owned and possessed by the defendant, Catherine W. Fischer, and her predecessors in interest and as the west line of the property now held, owned and claimed by the plaintiff."

The testimony of C. H. Fischer, father of the defendant Catherine W. Fischer, who conveyed the property to her, shows that he loaned the money to the Tyng Investment Company with which it constructed the brick building in question and that he has been familiar with the property ever since that time, 1913 or 1914; that when he took title to the property he assumed the east boundary line consisted of the east wall of the building and running thence north to the north property line; that other than this law suit, no one ever questioned this boundary line and at no time did any predecessor in interest of plaintiff complain to him that his building encroached to any extent on plaintiff's property. There is ample testimony showing that extending north of the east wall of the building there is and has been no fence, wall or other barrier or monument marking a line northerly from the northeast corner of the building, but that the property to the north is open and has for years been used as parking space. Also, it is clearly shown that the west line of the alleyway referred to in the court's description is jagged and does not run on a direct line continuing from the northeast corner of the building.

It is at once apparent that this is not a boundary line dispute. The only conclusion which can be fairly reached is that through inadvertence and improper care in surveying the land defendant's predecessor constructed the building encroaching and overlapping plaintiff's property as described. No adverse possession is claimed, nor could such claim be maintained. Taxes have been paid on both parcels of land for all these years and conveyances have been made, as disclosed by the abstracts of title covering the two parcels, introduced in evidence, under the descriptions first hereinabove given. There is no rule of law and there is no testimony in the record which would give defendant any claim or color of title, right or interest in the open strip running

north of the brick building to defendant's north property line. The most that can be said under all the facts and circumstances is that defendant has acquired an easement over the strip of land belonging to plaintiff which is occupied by the east wall of the building, and that the easement will have to continue so long as the building remains standing in its present location. See *Crane* v. *Judge*, 30 Utah 50, 83 P. 566, 567.

The above cited case involved a situation similar to that in this case. There the plaintiff owned a lot 25 feet by 165 feet and the defendant owned one 29.5 feet by 165 feet fronting on Main Street in Salt Lake City. Plaintiff's adjoined defendant's property on the north and ran parallel the full depth of 165 feet. The Karrick Building on defendant's property had been erected in 1887 with the east end of the north wall overlapping and encroaching upon plaintiff's land .35 feet and the west end of the same wall, 100 feet west of Main Street, overlapped plaintiff's property .54 feet. In 1887 defendant's predecessor entered into an agreement permitting the owner of plaintiff's property the privilege of using the north wall of the Karrick Building for building purposes. The plaintiff, apparently after learning that the Karrick Building and another one-story building in the rear of defendant's lot overlapped his property, sued to quiet title to his lot described as 25 by 165 feet, which would include the overlapped portions. The defendant counterclaimed asking to have title quieted in her to the strip which the Karrick Building overlapped on plaintiff's property and within a line drawn westerly from the north wall of that building to the west property line. After disposing of the claim of defendant for title by adverse possession, as we have disposed of it in the instant case, the court said:

"There remains, then, only the other question, was the writing heretofore referred to an agreement between the parties that the wall should be considered the boundary line, not only as to the length of the building, but also as to the extension of such line, in its own direc-

tion westerly to the west or rear end of the premises? We think this must be answered in the negative. From the reading of the instrument it is apparent that the parties were bargaining of and concerning, and contracting with respect to, the subject-matter of granting an easement, whereby the plaintiff was privileged to use the wall for building purposes, and that they did not contract with respect to or bargain of and concerning any boundary, or that the wall should be treated or considered as such. What was said with respect to the location of the wall pertained to its description and identity, not to its fixing or establishing a boundary, nor was it treated as serving such purpose. The recital as to the plaintiff owning the lands adjoining said wall on the north was neither an assertion that he owned no other lands, nor that he owned no part of the land upon which the wall rested, nor was it with respect to defining the boundary of his land, but was mere matter of inducement leading to the granting of the easement. But were the writing given the force and effect contended for by appellant, the line could not be extended farther than the 100 feet, the length of the wall. To extend it westerly in its own direction to the west boundary, as contended for by appellant, is to read something into the grant not found there, nor reasonably implied. There is no claim here made that an agreement to make said wall the boundary line exists, or may be inferred from acts and conduct, or from asquiescence in its use as such, or that on principles of an equitable estoppel plaintiff is precluded from claiming beyond the north line of the wall, or that the wall is the boundary line of the defendant's parcel as described in her deed or record title."

For the reasons stated, the judgment in favor of defendant is reversed and the cause is remanded with directions to the lower court to recast its findings, conclusions and judgment to conform to this opinion. Costs to appellant.

LARSON, C. J., and McDONOUGH, and WOLFE, JJ., concur.

WADE, Justice.

I agree that no boundary line was established by acquiescence to the north of the north end of the wall of the building. I also agree that defendant at least has an easement for the part of his building which extends beyond the boundary line as shown by the survey. I, however, am of

the opinion that the east face of the wall of defendant's building has been established as the boundary line between the properties of the parties hereto by acquiescence therein. It is too well established for question in this jurisdiction, that

"where owners of adjoining lands occupy their respective premises up to a certain line which they mutually recognize as boundary line for a long period of time they and their grantees may not deny that the boundary line thus recognized is the true one. *Holmes* v. *Judge*, 31 Utah 269, 87 P. 1009; *Moyer* v. *Langton*, 37 Utah 9, 106 P. [508], 509; *Rydalch* v. *Anderson*, 37 Utah 99, 107 P. 25; *Young* v. *Hyland*, 37 Utah 229, 108 P. 1124; *Farr* [*Development Co.*] v. *Thomas*, 41 Utah 1, 122 P. 906; *Binford* v. *Eccles*, 41 Utah [453], 457, 126 P. 333; *Christensen* v. *Beutler*, 42 Utah 392, 131 P. 666; *Tanner* v. *Stratton*, 44 Utah 253, 139 P. 940; *Warren* v. *Mazzuchi*, 45 Utah 612, 148 P. 360; *Van Cott* v. *Casper*, 53 Utah 161, 176 P. 849." *Tripp* v. *Bagley*, 74 Utah 57, 276 P. 912, 69 A. L. R. 1417.

In the last case we held that where there is no uncertainty as to where the true boundary line is, the owners of adjacent lands may not establish by acquiescence for a long period of time, the boundary line at another place.

The court found that the east face of the wall of defendant's building had been recognized and acquiesced in as the boundary line between their respective premises for approximately thirty years. The evidence showed that each party had occupied, used and claimed the land up to that point and neither had ever claimed, used or occupied the land beyond during all the time since the building was erected, and that all parties concerned had considered that to be the boundary line until shortly before the action was commenced. It is hard to conceive of a stronger case of acquiescence than is here presented. Certainly the fact that it is the face of the wall of a building rather than a fence line that was recognized as the boundary line, does not prevent the establishment of the boundary line by acquiescence. So the only question here presented is: Was there sufficient uncertainty in where the true boundary line was located, so that the parties could establish by

acquiescence the boundary line at a place other than at the true boundary line?

In the case of *Nusbickel* v. *Stevens Ranch Company*, 187 Cal. 15, 200 P. 651, 652, the court said:

"The fact that the true position of the dividing line 'could always have been determined by a correct measurement,' or by a survey, does not prevent there being an uncertainty, within the meaning of this rule * * *. 'This condition exists in virtually every case in which the aid of the rule is sought.' *Silva* v. *Azevedo*, 178 Cal. [495], 498, 173 P. [929], 930; *Loustalot* v. *McKell*, 157 Cal. [634], 641, 108 P. 707; *Price* v. *DeReyes*, 161 Cal. [484], 489, 119 P. 893."

See also *Sobol* v. *Gulinson*, 94 Colo. 92, 28 P. 2d 810. There is some statement to the contrary in the case of *Briem* v. *Smith*, 100 Utah 213, 112 P. 2d 145, but I believe the correct rule is as stated in the California case. I therefore think that the judgment should be affirmed to the extent that it decreed the boundary line for the length of the building, is at the east face of the wall thereof. As to the rest, I concur with the prevailing opinion.